# Richmond

BERNARD CANADY v. COMMONWEALTH OF VIRGINIA.

November 26, 1973.

Record No. 8264.

Present, All the Justices.

*Jerome J. Curtis, Jr.; James T. Wood* (*Loring, Curtis & Verzi; Stone, Bland & Wood*, on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Defendant, Bernard Canady, was found guilty of first degree murder by the trial court, sitting without a jury, and was sentenced to thirty years in the State Penitentiary, with eighteen years suspended on good behavior. We granted him a writ of error.

On June 9, 1972, defendant attempted to commit suicide by taking pills. He wrote a three-page suicide note, which was introduced in evidence without objection. It read in part, "I killed Ellen 3 o'clock Friday morning. I didn't mean to but it just happened." Upon his release from the hospital that same day, defendant gave Lieutenant Jesse Altizer of the Williamsburg police department a key to the apartment of Ellen Canady, with whom defendant had previously been living as man and wife but to whom he was not lawfully married.

Altizer and other officers arrived at the apartment in Williamsburg about 1:15 p.m., unlocked the door and found Ellen Canady dead on the bed. Altizer testified that her "right cheek appeared to be swollen and darker than other parts of her face," and that there was what appeared to be blood in the "corner of her mouth" and on the bed.

Dr. R. E. DeBord, a medical examiner who viewed the victim's body at the scene, testified that the time of death was approximately 3:00 a.m. on June 9.

Dr. R. C. Henry, who performed the autopsy, found the presence of blood in the victim's mouth. He stated that the victim's death was caused by suffocation and that she had suffered bruises on her right cheek and lips just before death. He could not rule out an accidental death, but he did rule out suicide "because a person in normal health, which this individual was, cannot smother or suffocate themselves."

Officer Dean L. Scott stated that at 1:00 a.m. on June 1, 1972, eight days before Ellen Canady's actual death, defendant came into police headquarters in a hurry and said, "I've killed my wife. I've choked her with a rope. I've killed my wife." The officer said that he went to Ellen Canady's apartment, and she came to the door holding her throat. When asked whether she was all right, she replied, "Yes, Bernard tried to kill me."

Officer W. D. Robertson testified that on June 8, 1972, the day before Ellen Canady's death, he was present in the Williamsburg Municipal Court when a preliminary hearing was held for Canady on a charge of bigamy. The officer stated that Ellen Canady testified against Canady.

At defendant's trial in the present case, the court overruled his motion to strike the Commonwealth's evidence. Thereupon, defendant, having been advised by the court that he did not have to testify, stated that he went to Ellen Canady's apartment at approximately 3:05 a.m. on June 9 to talk with her about the children. At the time the parties were not living together. He said that the victim was in bed asleep; that she awoke, became hostile and started struggling with him; and that while she was lying in bed, he grabbed her around her throat, choked her and "she went limp." He further testified that before he left the apartment he heard the victim's heart beat. He denied from the witness stand he had killed her.

Defendant contends that the Commonwealth failed to prove the *corpus delicti*, and that it cannot be established by an uncorroborated extrajudicial confession. He cites *Reid* v. *Commonwealth*, 206 Va.

464, 144 S.E.2d 310 (1965), and *Lucas* v. *Commonwealth*, 201 Va. 599, 112 S.E.2d 915 (1960), which support the proposition of law. However, a confession is competent evidence tending to prove, along with other evidence, the *corpus delicti*, although *corpus delicti* cannot be established by the uncorroborated extrajudicial confession of the accused alone. *Reid* v. *Commonwealth, supra*, 206 Va. at 468, 144 S.E.2d at 313.

In the case at bar, there is considerable evidence, apart from the confession contained in the suicide note, that the decedent's death was criminally caused and that the defendant was the criminal agent. The record shows that the defendant had made a prior attempt to kill Ellen Canady on June 1, 1972, and that she had testified against him on a charge of bigamy on June 8, 1972, the day before her death. Bruises on the victim's face and blood in her mouth, revealed by the autopsy, support a finding that her suffocation and death were by violent means. Defendant's own testimony showed that he was present in the apartment near the time of her death; that he choked the victim during a struggle; that he attempted suicide; and that he wrote the note which said, "I killed Ellen. . . ." The testimony of the medical examiner established 3:00 a.m. on June 9 as the time of death. When all of this is coupled with the contents of the suicide note, which placed the time of killing exactly as fixed by the medical examiner, the *corpus delicti* is established beyond a reasonable doubt.

Challenging the sufficiency of the Commonwealth's evidence, defendant raises the question of "the wisdom, fairness, and constitutionality" of the rule in *Spangler* v. *Commonwealth*, 188 Va. 436, 50 S.E.2d 265 (1948), which holds that a defendant who introduces evidence after his motion to strike the Commonwealth's evidence has been denied waives error on the court's ruling. We need not decide that question, for we believe that, read in the light most favorable to the Commonwealth, the evidence of the Commonwealth standing alone was sufficient to support the trial court's finding that the killing was willful, deliberate and premeditated.

The judgment appealed from is

*Affirmed.*