COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Clements
Argued at Alexandria, Virginia


MAURICE DARNELL BUCKNER

MEMORANDUM OPINION[*] BY

v.    Record No. 1006-00-2       JUDGE JERE M. H. WILLIS, JR.
                                          MARCH 6, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

Darryl A. Parker for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


On appeal from his bench trial conviction of robbery, in
violation of Code § 18.2-58, Maurice Darnell Buckner contends
(1) that the Commonwealth failed to corroborate his confession
and thus failed to prove the corpus delicti and (2) that the
evidence was insufficient because the Commonwealth failed to
disprove his claim that he had the right to take the money.  For
the reasons that follow, we affirm the judgment of the trial
court.

I.  BACKGROUND

Buckner was charged with robbing Ricco Wells.  The
Commonwealth called three witnesses, Wells and two police

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

officers.  Although Wells testified that he could not "remember that day," he testified that he had a "conflict" with Buckner on February 7, 1999.  He further testified that this "conflict" occurred on 10th Street in the City of Charlottesville.

Detective Thomas Thornton of the Charlottesville Police Department testified that on February 7, 1999, he took a police report from Wells.  Based on the information that Wells provided, Buckner was suspected of robbing Wells.  Detective Thornton and two other officers went to a nearby home where they found Buckner hiding in a closet.  Buckner was taken into custody and was read his Miranda rights.  He agreed to talk to the officers.  He admitted taking money from Wells.  He then led the officers to 301 10th Street where he told them he had discarded the nightstick that he had used during the incident.  The nightstick was recovered from that location.  Buckner was then transported to the police station where he signed a written statement confessing the crime.  Detective Thornton read into evidence Buckner's statement, as follows:

> I was riding around with some friends drinking beer all night.  They decided to buy some drugs.  They saw Ricco Wells on 10th Street.  I got out of the car.  Ricco sold to the others in the car.  I had a black nightstick in my hand.  Ricco had money in his hand.  I went up to Ricco and said give me some money or I'll bust your head open.  I grabbed the $50 from Ricco's hand.  I took the money because Ricco sells dummies, and the money isn't his anyway.

-

Officer Robert Lowry testified that he accompanied Detective Thornton in locating Buckner and the nightstick.  He testified that Buckner took the officers to 301 10th Street where they located "[a] black baton with a rubber handle."  The black baton was admitted into evidence.

## II.  <u>CORROBORATION OF A CONFESSION</u>

Buckner first contends that his confession of robbery was uncorroborated and was, thus, insufficient to prove the <u>corpus delicti</u>.  We disagree.

> In every criminal prosecution, the Commonwealth must prove the element of <u>corpus delicti</u>, that is, the fact that the crime charged has been actually perpetrated. Further, if the accused has fully confessed that he committed the crime, then only slight corroboration of the confession is required to establish <u>corpus delicti</u> beyond a reasonable doubt.

<u>Cherrix v. Commonwealth</u>, 257 Va. 292, 305, 513 S.E.2d 642, 651 (1999) (citations omitted).  "[A] confession is competent evidence tending to prove, along with other evidence, the <u>corpus delicti</u>, although <u>corpus delicti</u> cannot be established by the uncorroborated extrajudicial confession of the accused alone." <u>Canady v. Commonwealth</u>, 214 Va. 331, 333, 200 S.E.2d 575, 576 (1973) (citation omitted).

> It is not necessary . . . that there be independent corroboration of all the contents of the confession, or even all the elements of the crime.  The requirement of corroboration is limited to the facts constituting the <u>corpus delicti</u>. . . . [W]here . . . the accused has fully

-

> confessed the crime, only <u>slight</u>
> corroborative evidence is necessary to
> establish the <u>corpus</u> <u>delicti</u>.

<u>Watkins v. Commonwealth</u>, 238 Va. 341, 348-49, 385 S.E.2d 50, 54 (1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1074 (1990) (citation omitted).

The corroborative evidence in this case is far from slight. Although Wells did not describe the details of the robbery, he testified that he had a confrontation with Buckner in the area where Buckner said the robbery was committed. Buckner fled and hid. Buckner led the police to the location on 10th Street where he said he had discarded the nightstick. The police recovered the nightstick at that exact location, and it was admitted into evidence. Buckner had a motive to take the money, e.g., Wells was selling "dummies." This evidence more than sufficiently corroborated Buckner's full confession and, together with that confession, established the <u>corpus</u> <u>delicti</u>.

### III.  <u>SUFFICIENCY OF THE EVIDENCE</u>

Buckner next contends that the evidence was insufficient to support his conviction. Citing <u>Pierce v. Commonwealth</u>, 205 Va. 528, 138 S.E.2d 28 (1964), he argues that because he took the property "under a <u>bona</u> <u>fide</u> claim of right, as under a claim of ownership or in a <u>bona</u> <u>fide</u> attempt to enforce payment of a debt," he lacked the necessary criminal intent to steal. <u>Id.</u> at 533, 138 S.E.2d at 32. Buckner's argument stems from the portion of his confession where he states that "[he] took the money because [Wells] sells dummies, and the money [wasn't

-

Wells'] anyway."  He argues that this statement compels the conclusion that he acted under a claim of right, thus absolving him.  We disagree.

Although Buckner testified that he believed Wells owed his friends some money, no other evidence supported this claim.  No connection was made between the amount Buckner took from Wells and the amount of any alleged debt.  The trial court was entitled to disbelieve Buckner.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

-