COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Humphreys and Senior Judge Coleman
Argued at Alexandria, Virginia


RODERICK D. JORDAN
                                                            OPINION BY
v.        Record No. 0736-06-4                   JUDGE ROBERT P. FRANK
                                                         SEPTEMBER 4, 2007
COMMONWEALTH OF VIRGNIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Jonathan C. Thacher, Judge

            Dawn M. Butorac, Deputy Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Roderick Jordan, appellant, was convicted, by a jury, of one count of attempted capital

murder, in violation of Code §§ 18.2-31 and 18.2-26.  On appeal, appellant contends that the trial

court did not properly instruct the jury on the elements of the offense of attempted capital

murder, in that the trial court's finding instruction did not include the element of specific intent

to kill.  For the following reasons, we affirm appellant's conviction.

                                    BACKGROUND

        On January 14, 2005, appellant exchanged gunfire with Fairfax County Police Officer

Lance Guckenberger during the course of an attempted robbery of a check-cashing store.  As a

result, appellant was charged with attempted capital murder.

        At trial, appellant offered an attempted murder finding instruction, which required the

Commonwealth to prove, in addition to other elements, "(1) [t]hat [appellant] *intended to kill*

Lance Guckenberger; and (2) [t]hat the *intended* killing was willful, deliberate and premeditated;

and (3) [t]hat the *intended* killing was of a law-enforcement officer and for the purpose of interfering with the performance of his official duties." (Emphasis added).[1] The Commonwealth offered a separate finding instruction, which required the Commonwealth to prove, in addition to other elements, "(1) [t]hat [appellant] *attempted to kill* Officer Lance Guckenberger; and (2) [t]hat the *attempted* killing was willful, deliberate and premeditated; and . . . (4) [t]hat the *attempted* killing was of a law-enforcement officer and for the purpose of interfering with the performance of his official duties." (Emphasis added). The only difference between the two instructions, as to the offense of attempted capital murder, was the use of the word "attempted" instead of the word "intended."

Appellant objected to the language of the Commonwealth's instruction, arguing that it was not clear to the jury from this instruction that the Commonwealth had to prove appellant had "the specific intent to kill" Officer Guckenberger. The trial court rejected appellant's language, and instructed the jury using the language offered by the Commonwealth, as follows:

> The Court instructs the jury that Roderick Jordan is charged with the crime of attempted capital murder. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime; one, that Roderick Jordan attempted to kill Officer Lance Guckenberger, and, two, that the attempted killing was willful, deliberate and premeditated . . . and, four, that the attempted killing was of a law enforcement officer and for the purpose of interfering with the performance of his official duties.[2]

---

[1] While appellant's instruction "was a correct statement of the legal principles involved and the trial court, in its discretion, could properly have given the instruction, it does not follow that it was reversible error to refuse it." Lincoln v. Commonwealth, 217 Va. 370, 375, 228 S.E.2d 688, 692 (1976). "When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle." Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984).

[2] The instruction also required the jury to find the following additional element of attempted capital murder:

> three, that [appellant] did an act toward the commission of the attempted killing which amounted to the beginning of the actual attempted killing.

The trial court also gave the jury the following instructions:

> The Court instructs the jury that the intent required to be proved in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged.

> \* \* \* \* \* \* \*

> The Court instructs the jury that willful, deliberate and premeditated means a specific intent to kill, adopted at some time before the attempted killing, but which need not exist for any particular length of time.

This appeal follows.

ANALYSIS

Appellant argues that the trial court erred by not including in the finding instruction language requiring the jury to find that appellant had the specific intent to kill Officer Guckenberger.[3] We disagree.

"'The trial judge has broad discretion in giving or denying instructions requested.'" Walshaw v. Commonwealth, 44 Va. App. 103, 116, 603 S.E.2d 633, 639 (2004) (quoting Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (*en banc*)). This Court's "'sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Molina v.

---

[3] At oral argument, appellant contended for the first time that the finding instruction also failed to require the jury to find that appellant had the specific intent to interfere with the performance of Officer Guckenberger's official duties.

That issue was not presented to the trial court and, accordingly, was not preserved for appeal as required by Rule 5A:18. Also, appellant does not ask this Court to invoke the ends of justice exception to Rule 5A:18, and "[t]his Court will not consider, *sua sponte*, an ends-of-justice argument under Rule 5A:18." Widdifield v. Commonwealth, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*). Moreover, even if the appellant had preserved this issue below, it was not a question presented in the petition for appeal as required by Rule 5A:12(c), nor was the issue briefed as required by Rule 5A:20. Accordingly, the issue is defaulted, and we do not consider it. See Gregory v. Commonwealth, 46 Va. App. 683, 694, 621 S.E.2d 162, 168 (2005).

Appellant also does not challenge either the definitional instruction on attempt or the definitional instruction on willful, deliberate and premeditated, both of which referred to specific intent.

Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).  "[A] jury must be informed as to the essential elements of the offense; a correct statement of the law is one of the 'essentials of a fair trial.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979)).  Further, "a finding instruction 'must state a complete case and embrace all elements necessary to support a verdict.'"  Outlaw v. Pearce, 176 Va. 458, 469, 11 S.E.2d 600, 605 (1940) (quoting Thomas v. Snow, 162 Va. 654, 662, 174 S.E. 837, 840 (1934)).

Appellant correctly asserts that, in order to be convicted of attempted capital murder, the jury must find that appellant possessed a specific intent to kill.  "A charge of attempted capital murder requires proof of . . . 'a specific intent to kill the victim.'"  Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992) (quoting Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987)).  "The intent required to be proven in an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged."  Wynn, 5 Va. App. at 292, 362 S.E.2d at 198.  "[W]hile a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill."  Merritt v. Commonwealth, 164 Va. 653, 660, 180 S.E. 395, 398 (1935).

A charge of completed capital murder, like attempted capital murder, also requires proof of a specific intent to kill the victim.  Smith v. Commonwealth, 239 Va. 243, 259, 389 S.E.2d 871, 879 (1990).  This Court has expressly recognized that, in murder cases where a specific intent to kill is an element of the crime, the Commonwealth must "prove the specific intent to kill by one of the enumerated means of [the relevant murder statute] . . . *or by a 'willful, premeditated, and deliberate' act*."  Goodson v. Commonwealth, 22 Va. App. 61, 77, 467 S.E.2d

- 4 -

848, 856 (1996) (emphasis added) (quoting Smith v. Commonwealth, 220 Va. 696, 700, 261 S.E.2d 550, 553 (1980)). Indeed, the capital murder statute, Code § 18.2-31(6), "provides that the '*willful, deliberate, and premeditated killing* of a law-enforcement officer . . . when such killing is for the purpose of interfering with the performance of his official duties' shall constitute capital murder." Coles v. Commonwealth, 270 Va. 585, 589, 621 S.E.2d 109, 111 (2005) (emphasis added) (quoting Code § 18.2-31(6)), cert. denied, 127 S. Ct. 441 (2006).

Thus, the *phrase* "specific intent to kill" does not need to be included in the finding instruction; instead, the jury must be instructed that the Commonwealth must prove the *element* of specific intent to kill. Here, the jury was instructed that appellant's act must have been "willful, deliberate and premeditated." The jury was instructed that "willful, deliberate and premeditated means a specific intent to kill." See Epperly v. Commonwealth, 224 Va. 214, 231, 294 S.E.2d 882, 892 (1982) ("[P]remeditation and deliberation . . . require the adoption of a specific intent to kill."); Smith, 220 Va. at 700, 261 S.E.2d at 553 (holding that premeditation means adopting a specific intent to kill). The jury was also instructed that an attempted crime requires a specific intent to commit the completed crime.

Appellant relies on Goodson, 22 Va. App. 61, 467 S.E.2d 848, to support his contention that the specific intent to kill must be explicitly listed as an element in the finding instruction, as opposed to being listed as part of the definition of "willful, deliberate, and premeditated."[4]

His reliance is misplaced. The Court in Goodson reversed a conviction for attempted felony murder because the jury instructions, as a whole, "lacked the requirement of a specific

---

[4] While appellant also cited Herbert v. Commonwealth, No. 0888-00-4 (Va. Ct. App. Apr. 10, 2001), an unpublished opinion of this Court, for the same proposition, we will not address the implications of that case because it is unpublished. See Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987) ("Unpublished memorandum opinions . . . are not to be cited or relied upon as precedent except for the purpose of establishing res judicata, estoppel or the law of the case.").

intent to kill." Id. at 76, 467 S.E.2d at 856.[5] Clearly, the Goodson Court reviewed all of the jury instructions to determine whether the jury was instructed on specific intent to kill. None of the instructions given by the trial court in Goodson mentioned a specific intent to kill; indeed, the trial court refused to instruct the jury regarding specific intent to kill because, under the felony murder doctrine, intent is presumed. Id. at 73, 467 S.E.2d at 854. The Court held that any charge of attempted murder required the jury to find that a defendant possessed the specific intent to kill, but the Court did not address whether the finding instruction must contain the words "specific intent to kill." Id. at 76, 467 S.E.2d at 856.

"[W]hen a trial court grants numerous instructions, the jury must 'consider the instructions as a whole and in the light of the evidence applicable to the issues presented.'" Walshaw, 44 Va. App. at 119, 603 S.E.2d at 641 (quoting Rollston v. Commonwealth, 11 Va. App. 535, 541, 399 S.E.2d 823, 826 (1991)). Here, the trial court instructed the jury exactly as Goodson and Code § 18.2-31(6) direct; the jury was required to find that the attempted killing was "willful, deliberate and premeditated." Further, the jury was informed that "willful, deliberate and premeditated means a specific intent to kill."

"A jury is presumed to have followed the instructions of the trial court." Muhammad v. Commonwealth, 269 Va. 451, 524, 619 S.E.2d 16, 58 (2005), cert. denied, 126 S. Ct. 2035 (2006). Thus, in order to satisfy the element that appellant's action was willful, deliberate and premeditated, the jury necessarily had to find that appellant possessed the specific intent to kill.

---

[5] Crucial to the Court's analysis was the charge against Goodson, *attempted felony murder*. The Court held that a felony murder analysis is applicable only when a homicide has occurred; thus, it cannot be used to create a charge of *attempted* felony murder. Goodson, 22 Va. App. at 70, 467 S.E.2d at 854. The same logic does not follow for appellant's charge of *attempted capital murder*, as that crime, as defined by the trial court in its instructions to the jury, requires the act to be willful, deliberate and premeditated, and done with the specific intent to kill.

Also, in finding appellant guilty of an attempt crime, the jury necessarily had to find that appellant possessed the specific intent to commit capital murder.

## CONCLUSION

We hold that, for a charge of attempted capital murder, the words "specific intent to kill" do not need to appear in the finding instruction. We find that it is sufficient that the finding instruction requires the jury to determine whether the act was willful, deliberate and premeditated and that the jury is further instructed that by definition "willful, deliberate and premeditated means a specific intent to kill." We find no error in the instructions given to the jury, and we affirm appellant's conviction for attempted capital murder.

Affirmed.