COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


LUIS ARMANDO SOLORZANO

                                          MEMORANDUM OPINION[*] BY
v.      Record No. 2782-06-4       JUDGE ROSEMARIE ANNUNZIATA
                                               JANUARY 22, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Bryan Waldron (Nichole Dannielle Flippen; Butler Legal Group,
P.L.L.P., on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Luis Armando Solorzano, appellant, contends the evidence was insufficient as a matter of

law to prove beyond a reasonable doubt that he committed assault and battery of a firefighter in

violation of Code § 18.2-57(C), a Class 6 felony, and misdemeanor obstruction of justice of a

police officer in violation of Code § 18.2-460(B). We find no error and affirm.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence proved that on March 13, 2006,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Korrina Torres found appellant, her father, unconscious in his home.[1]  Appellant only briefly regained consciousness.  Torres called the paramedics for assistance.

Approximately fifteen minutes later, paramedics and firefighters arrived at Solorzano's home.  Leddyanne Dell, a paramedic for the City of Alexandria Fire Department, discovered appellant unconscious and unresponsive.  Dell and her co-worker attempted several procedures and protocols to revive appellant and determine his condition.  They placed an oxygen mask over his mouth and nose, attached a portable heart monitor, and Dell administered two one-milligram doses of Narcan to appellant.[2]  When appellant did not respond, rescue personnel strapped appellant onto a stretcher and transported him to the elevator.  Dell, her supervisor Kathleen Barrett, and firefighters Thompson and Lalhei accompanied the stretcher into the elevator.  The paramedics wore T-shirts inscribed with the word "Medic," and the firefighters wore T-shirts inscribed with "Firefighter."

As the elevator descended, appellant regained consciousness and became "very combative, coming out of a seatbelt" holding him onto the upright stretcher.  The rescue personnel "tried to explain to him and reassure him what was going on."  They told him that they were fire and EMT personnel and that they were there to help him.  They also used hand gestures to instruct appellant to calm down.  Appellant then "made a purposeful movement for [Barrett], taking his hand and placing it around her neck."  When appellant began choking Barrett, firefighter Thompson helped Barrett remove appellant's hands from her neck.  When Barrett

---

[1] Appellant is a fifty-two-year-old Venezuelan native.  He is a permanent United States resident.

[2] Narcan is a drug used to counteract an opiate, morphine, or heroin overdose.  At trial, Dell testified that she administered Narcan in an attempt to bring Solorzano out of unconsciousness, which is standard protocol when there is no information regarding why a patient is unconscious.

raised her hand to protect herself, appellant grabbed her wrist, bending it backwards.[3]  Appellant then struck Dell across the chest with his elbow and arm, knocking her to the back of the elevator.

When they reached the lobby, appellant's daughter, Torres, tried to speak with appellant, but rescue personnel asked her to move back because "it was making the situation worse." Meanwhile, appellant continued to physically resist police officers who were waiting at the elevator door to assist in response to Dell's call for help.  A Spanish-speaking police officer explained the situation to appellant, but appellant remained combative and resistant.  When officers tried to restrain appellant, "he pulled so hard away from [one officer] that he bent the handcuffs."  Appellant continued to "thrash about" and pull away even after he had been handcuffed.  During Dell's testimony, the Commonwealth played for the trial court a videotape depicting a portion of the events that took place.[4]  Moreover, Dell wore in court the same uniform she wore the day of the incident.

Officer Feltham received the paramedic's emergency signal and approached the elevator when the doors opened on the ground floor.  Feltham, who was in his police uniform at the time, testified that appellant "was violently thrashing about" and "trying to push the firefighters away."

At trial, a medical expert testified that Narcan would not produce violent behavior, and appellant stipulated that Narcan had nothing to do with his behavior.  The parties also stipulated that, upon arrival at the hospital, appellant had a blood alcohol content (BAC) of .22 and that

---

[3] In the confrontation with Barrett, appellant "laterally crushed [Barrett's] wrist and then snapped it backwards."  Barrett sustained several tears in her radial attachment, has permanent Stage II lymphodema, and has retired from the fire department because she can no longer perform her job.  She also sustained strains, pulls, and nerve damage in her shoulder and the scapula behind her shoulder.

[4] The videotape was marked for identification as Commonwealth's Exhibit Number 4, but it was not admitted at trial or sent with the record on appeal.

appellant was diagnosed with acute alcohol intoxication and chronic alcoholism.[5] At the hospital, the doctor spoke with appellant and communicated with him in English.

Appellant testified that he remembered nothing up until the time he awoke in the elevator on the ground floor, and he had no recollection of struggling with the paramedics or police.

The trial court, sitting without a jury, convicted appellant of assault and battery of Barrett in violation of Code § 18.2-57(C) and obstruction of justice in violation of Code § 18.2-460(B). The court found appellant not guilty with respect to the charged assault on Dell.

ANALYSIS

Summary of Arguments and Standard of Review

Appellant contends the evidence failed to prove he knew the people surrounding him were firefighters, paramedics, and police officers. He argues he had no reason to know their identities because he did not know English well enough to understand the explanations provided to him by the emergency services personnel. He also argues the evidence did not exclude all reasonable hypotheses of innocence as is necessary to show guilt beyond a reasonable doubt. He reasons that the evidence showed he believed he was defending himself from being kidnapped, that this hypothesis of innocence was inconsistent with guilt, and that the Commonwealth failed to rebut this evidence at trial. Finally, appellant contends the Commonwealth did not show that appellant's mental and physical states at the time were such that he was able to accurately process the meaning of the events and information provided to him. In addition to the arguments appellant advances in defense of the assault charges, he contends the slight challenge he presented to firefighters and police officers was insufficient to sustain a conviction for

---

[5] Appellant testified that on March 13, 2006, he had seven whiskeys to drink before he returned to his home. The night before he consumed ten to twelve whiskeys.

- 4 -

obstruction of justice.  Finally, appellant argues the "Commonwealth failed to prove" he "was not entitled to defend himself."

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "'[T]he relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  "'The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Askew v. Commonwealth, 40 Va. App. 104, 107, 578 S.E.2d 58, 60 (2003) (quoting Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986)).

We address each argument *seriatim.*

### Assault of a Firefighter

Code § 18.2-57(C) provides, in pertinent part, "if any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a firefighter as defined in § 65.2-102 . . . engaged in the performance of his public duties, such person is guilty of a Class 6 felony."  Appellant concedes Barrett was a firefighter as defined in the Code, but contests the conclusion that he knew or had reason to know Barrett was a firefighter or emergency medical technician.

"Actual knowledge is a fact that may be proved by direct or circumstantial evidence."  Tooke v. Commonwealth, 47 Va. App. 759, 766, 627 S.E.2d 533, 536 (2006).  "'Guilty knowledge . . . [a]bsent proof of an admission against interest, . . . necessarily must be shown by

circumstantial evidence.'" Snow v. Commonwealth, 33 Va. App. 766, 775, 537 S.E.2d 6, 11 (2000) (quoting Lewis v. Commonwealth, 225 Va. 497, 503, 303 S.E.2d 890, 893 (1983)).

Here, the evidence established appellant knew or had reason to know Barrett was a firefighter. When paramedics arrived at the scene, they were informed appellant understood English. As soon as appellant regained consciousness, he looked around the elevator. Each person in the elevator wore a uniform identifying that individual as a firefighter or medic. Additionally, after the elevator reached the ground floor, an officer fluent in Spanish explained the situation to appellant in Spanish, yet appellant remained uncooperative. When appellant received treatment at the hospital, the medical staff communicated with him in English, and when he testified at trial, he did not assert that his inability to understand English was the reason he responded violently upon awakening.

Even accepting appellant's contention that he did not understand the instructions provided to him or the words on the uniforms because his knowledge of the English language was poor, we conclude that he nevertheless knew or had reason to know Barrett was a member of an emergency rescue team because of the circumstances attending the incident. Appellant awoke on a stretcher, "[h]e was hooked up to [a] life pack. He had an IV established." "He had a non-rebreather mask on his face for oxygen." He was surrounded by people in uniform carrying gear one would expect emergency personnel to carry: a "drill box, oxygen bag, [] life pack, and [] jump bag." As soon as appellant regained consciousness, the emergency personnel team was "making hand gestures so that he understood to be calm and [that everything was] okay." The trial court as fact finder had an opportunity to view the uniforms worn by the emergency personnel both at trial and on the videotaped account of the incident. In light of this evidence, we find that appellant's assertion he did not "knowingly" assault a firefighter is without merit.

Appellant also contends the trial court failed to exclude the reasonable hypothesis of innocence that he thought he was being kidnapped and was acting in self-defense when he assaulted Barrett. We find this contention to be likewise without merit.

In determining whether the Commonwealth proved all of the elements of assault of a firefighter, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every *reasonable* hypothesis of innocence.'" Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (quoting Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987)) (emphasis added). "It is 'within the province of the jury to determine what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts.'" Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567-68 (1976)). We "must determine not whether there is some evidence to support [appellant's] hypothesis of innocence but, rather, whether a reasonable fact finder, upon consideration of all the evidence, could have rejected appellant's theories and found him guilty beyond a reasonable doubt." Corbin v. Commonwealth, 44 Va. App. 196, 202, 604 S.E.2d 111, 114 (2004). "Further, a fact-finder having rejected a defendant's attempted explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt." Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004).

Here, appellant claims that because he did not know the emergency rescue team was trying to help him, he was defending himself from being kidnapped. Appellant testified at trial, but did not testify to the issue. Instead, appellant's daughter, Torres, testified that when appellant emerged from the elevator, appellant stated, "[p]lease somebody help me. They're kidnapping me. Somebody please come and help me." The court rejected appellant's hypothesis of innocence, and instead, chose to believe the emergency services personnel, none of whom

testified appellant claimed he was being kidnapped during the encounter. The court was entitled to reject Torres' testimony, and conclude she was lying to help conceal her father's guilt. Id.

Finally, appellant claims his mental state and intoxication rendered him unable "to accurately process the meaning of the events giving him reason to know the identities of his escorts and to act accordingly." The evidence established appellant's BAC was .22 at the time of the altercation. Appellant's altered mental state was the product of his own excessive drinking. Any problem he had perceiving the identity of the fire and EMT personnel and understanding the nature of their actions in trying to revive him was due to his own voluntary action. Appellant's voluntary intoxication does not excuse his behavior and does not constitute a basis for reversal as a matter of law. Arnold v. Commonwealth, 37 Va. App. 781, 791, 560 S.E.2d 915, 919 (2002) ("[V]oluntary intoxication is not an excuse for any crime. At most, it may negate the deliberation and premeditation required for first degree murder.").

Obstruction of Justice

Appellant contends in his brief that the "slight challenge to" the police officers did not constitute obstruction of justice. He contends he "merely squirmed" as he was being handcuffed, and his "struggles were purely and merely for the purpose of freeing himself from tethers and strangers he thought were kidnapping him." He also contends he did not act "knowingly" and makes the same arguments for the obstruction conviction that he made for the assault conviction, namely, his mental state precluded him from being aware the uniformed police officers were "law enforcement officers engaged in the performance of their duties."

Criminal obstruction of justice occurs

> [i]f any person without just cause knowingly obstructs a judge,
> magistrate, justice, juror, attorney for the Commonwealth, witness
> or any law-enforcement officer in the performance of his duties as
> such or fails or refuses without just cause to cease such obstruction
> when requested to do so by such judge, magistrate, justice, juror,

attorney for the Commonwealth, witness, or law-enforcement officer, he shall be guilty of a Class 1 misdemeanor.

Code § 18.2-460.

The evidence established appellant was "violently thrashing about . . . [and] pushing his arms up, trying to push firefighters away." Officer Feltham testified,

> I got a hold of his right hand. And as soon as I got a hold of his right hand, he grabbed my other hand with his hand. And me and another unknown person in the elevator literally had to pry his fingers off one by one in order to free my hand . . . to get the handcuff on his arm.
>
> Once we got the handcuff on, he was still thrashing about and pulling away. He had pulled the IV lines out of his arm. I was holding onto the one—the free bracelet, or the handcuff. And he pulled so hard away from me that he bent the handcuffs.

From this record, it is clear that appellant presented more than a "slight challenge" to Feltham and that he obstructed justice in his attempt to escape from being handcuffed.

### Self-Defense

Appellant's argument that he acted in self-defense in assaulting the paramedics and the police and that the "Commonwealth failed to prove beyond a reasonable doubt that [he] was not entitled to defend himself against what he reasonably perceived to be an imminent danger to himself" was not presented to the trial court as required by Rule 5A:18 and, accordingly, was not preserved for appeal. Furthermore, appellant does not argue we should invoke the "good cause" or "ends of justice exception," and this Court will not apply the exceptions to Rule 5A:18 *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc).* Moreover, even if appellant had preserved this issue below, it was not a question presented in the petition for appeal as required by Rule 5A:12(c), nor in his opening brief, as

required by Rule 5A:20(c), <u>Jordan v. Commonwealth</u>, 50 Va. App. 322, 326 n.2, 649 S.E.2d 709, 711-12 n.2 (2007), nor was it included as an issue in the order in which we granted Issue I.[6]

Accordingly, we are precluded from addressing this argument for the first time on appeal.

## CONCLUSION

The Commonwealth presented competent, credible and sufficient evidence to prove beyond a reasonable doubt that appellant was guilty of assaulting a firefighter and obstructing justice, therefore, the trial court's judgment was neither plainly wrong nor without evidence to support it. <u>See</u> <u>Askew</u>, 40 Va. App. at 107, 578 S.E.2d at 60. Accordingly, the decision of the trial court is affirmed.

<u>Affirmed.</u>

---

[6] The question on which we granted the appeal was:

> Whether the trial court erred in not setting aside the verdict, where the evidence was insufficient as a matter of law to prove beyond a reasonable doubt that (i) appellant assaulted and battered a firefighter, and (ii) obstructed justice.

Moreover, the law and standard of review relating to a challenge to the sufficiency of the evidence differ from the law relating to self-defense. "Self-defense is an affirmative defense which the accused must prove by introducing sufficient evidence to raise a reasonable doubt about his guilt." <u>Smith v. Commonwealth</u>, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).