COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Annunziata
Argued by teleconference

PUBLISHED

KAREN ROMPALO

v.      Record No. 1717-18-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RICHARD Y. ATLEE, JR.
JUNE 2, 2020

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Bruce D. White, Judge

Vernida R. Chaney (Chaney Law Firm PLLC, on briefs), for
appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Following a jury trial, Karen Rompalo was convicted of three counts of destroying a

public record in violation of Code § 18.2-107. She was ordered to pay $500 per count, with

$250 suspended for each count. Rompalo appeals her convictions arguing that the trial court

erred (1) because the evidence was insufficient to establish the records were destroyed, (2) by

finding that the fraudulent intent language does not apply to "destroy," (3) by sustaining certain

hearsay and relevance objections, and (4) by denying her proffered jury instructions. For the

following reasons, we affirm the rulings of the trial court.

I. BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the

prevailing party below, and afford to it all reasonable inferences from that evidence. Yerling v.

Commonwealth, 71 Va. App. 527, 530 (2020).

On March 1, 2016, Rompalo went to the Clerk's office in the Fairfax County Circuit Court. She asked the clerk on duty, Indumathi Sosale, if she could review the court file from her divorce proceedings. She correctly identified herself to the clerk and signed for the files. She took them to the records reviewing room, which is next to and visible from the clerk's window.

Sosale could see Rompalo from the clerk's window, and she noticed that Rompalo was writing on certain documents in the file. When she asked Rompalo to stop, Rompalo complied. Sosale reported the incident to her supervisor, Rowdy Batchelor, the civil records manager, who reviewed the files.

The files were sent to the Chief Deputy Clerk, who opened an investigation and alerted Detective Comfort of the Fairfax Police Department. Rompalo had written on three different documents from the file: a Commonwealth's Motion to Quash and two different trial court orders. She was charged with three counts of destroying a public record.

Rompalo filed a pre-trial motion *in limine*, asking the trial court to prohibit the Commonwealth's witnesses from referring to the records as destroyed. Rompalo argued that whether the records were destroyed was an ultimate issue of fact for the jury to decide. The trial court pointed out that the corollary of Rompalo's argument is that her witnesses could not testify that the documents were not destroyed. With that comment, it granted the motion.

At trial, the Commonwealth presented evidence that the documents had lost their value because they could no longer be certified as original documents. At the conclusion of the Commonwealth's case, Rompalo made a motion to strike. She argued that the evidence was not sufficient to demonstrate that the documents were destroyed and that the destruction of public records had to be done with fraudulent intent. The trial court denied the motion to strike, and it found that the "fraudulently" language in the statute did not apply to "destroy."

Rompalo attempted to ask two witnesses about an RM-3 Certificate of Records Destruction ("RM-3") form, which is submitted to the State Library of Virginia when a public record is destroyed. She asked Fairfax County Clerk John Frye whether he had filed one of the forms for the three documents at issue. The Commonwealth objected on hearsay grounds. The trial court noted that the question violated the rule he had made regarding Rompalo's motion *in limine* and sustained the objection. Rompalo then attempted to ask Glen Smith, a record analyst for the State Library of Virginia, about the RM-3 form. The Commonwealth objected again, and the trial court again sustained the objection.

At the close of all the evidence, Rompalo did not renew her motion to strike. Each party presented their proposed jury instructions to the trial court. Rompalo proffered Instructions 10-A, 10-B, and 10-C, each of which included language that would have instructed the jury that any destruction of a public record must be done with fraudulent intent. Rompalo told the trial court,

> based on the Court's ruling with the motion to strike with respect to the intent element, I think that there's going to be several instructions that I am going to offer them, Your Honor, but I would assume the Court will still have the same ruling with respect to the instructions. So we don't need to belabor the point and have a lot of argument on it. I would just offer them, Your Honor.

The trial court agreed and marked the instructions "not given."

The jury convicted Rompalo on all three counts. She now appeals her convictions to this Court.

## II. ANALYSIS

### A. *Destruction of the Records*

Rompalo argues that the evidence was insufficient to demonstrate that the records were destroyed. She made her argument via a motion to strike at the conclusion of the

Commonwealth's case-in-chief.  She did not renew her motion to strike after she presented evidence on her own behalf.

Under Virginia law, "[w]hen a defendant in a civil or criminal case proceeds to introduce evidence in his own behalf, after the trial court has overruled his motion to strike, made at the conclusion of the introduction of plaintiff's evidence in chief, he waives his right to stand upon such motion."  McDowell v. Commonwealth, 282 Va. 341, 342 (2011) (quoting Murillo-Rodriquez v. Commonwealth, 279 Va. 64, 73 (2010)).  After presenting his or her own evidence, a defendant must renew the motion to strike or file a motion to set aside the verdict.  Murillo-Rodriquez, 279 Va. at 84.

Rompalo argues that she was not required to renew her motion to strike because Code § 8.01-384(A) provides that once an objection has been made known to the trial court, a party shall not be required to make the objection again to preserve his right to appeal.  But the Supreme Court has specifically rejected this argument.  See id.

In Murillo-Rodriquez, the Court noted that Code § 8.01-384(A) also provides that arguments at trial "shall, unless *expressly withdrawn or waived*, be deemed preserved therein for assertion on appeal."  Id. at 73 (quoting Code § 8.01-384(A)).  Relying on a long line of cases from this Court, the Supreme Court noted that "a motion to strike the evidence presented after the Commonwealth's case-in-chief is a separate and distinct motion from a motion to strike all the evidence, or a motion to set aside an unfavorable verdict, made after the defendant has introduced evidence on his own behalf."[1]  Id. at 82.  By introducing evidence on his own behalf,

---

[1] The motion to strike made at the conclusion of the Commonwealth's case-in-chief challenges the sufficiency of that evidence.  The motion to strike made after a defendant presents evidence on his own behalf challenges the sufficiency of *all* of the evidence, including that presented by the defendant.  Murillo-Rodriquez, 279 Va. at 82.

a defendant demonstrates "by his conduct" the intent to abandon or waive his argument made at the conclusion of the Commonwealth's case-in-chief. Id. at 83 (quoting Graham v. Cook, 278 Va. 233, 248 (2009)). Thus, a defendant cannot rely on Code § 8.01-384(A) to preserve for appeal a challenge to the sufficiency of the evidence where he has not renewed his motion to strike or made a motion to set aside the verdict.[2] Id. at 84.

Because Rompalo did not renew her motion to strike after she presented evidence on her own behalf, and she did not file a motion to set aside the verdict, she has not preserved her sufficiency argument for appeal, and we do not consider it.[3]

## B. *Fraudulent Intent*

We review issues of statutory interpretation *de novo*. Eley v. Commonwealth, 70 Va. App. 158, 162 (2019). Code § 18.2-107 provides, in relevant part, "If any person steal or fraudulently secrete or destroy a public record or part thereof, including a microphotographic copy thereof, he shall . . . be guilty of a Class 6 felony."

---

[2] Where a defendant is tried by jury, as here, the defendant preserves the issue by renewing his or her motion to strike or by making a motion to set aside the verdict. Murillo-Rodriquez, 279 Va. at 84. In a bench trial, a defendant can preserve the issue by raising the argument in a renewed motion to strike or during closing arguments.

[3] In addition to her motion to strike argument, Rompalo states that she raised the issue of the definition of "destroy" during her motion *in limine*, her opening statement, and her closing arguments. Therefore, she argues this Court can consider this legal question. But Rompalo's argument during the motion *in limine* addressed the statutory "destroy" language in the context of whether the witnesses were allowed to refer to the documents as destroyed. "Making one specific argument does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*). Further, Rompalo was tried by jury; her opening statement and closing arguments were made to the jury, not the trial court, and therefore do not preserve the issue for appeal. Campbell v. Commonwealth, 12 Va. App. 476, 481 (1991) ("Furthermore, in a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law. Only a motion to strike the evidence accomplishes that objective in a jury trial.").

Rompalo argues that "fraudulently" in the statute applies to both "secrete" and "destroy" and that the Commonwealth was therefore required to prove not just that she destroyed the public records, but that she did so fraudulently. The Commonwealth argues that "fraudulently" applies only to "secrete."[4]

When interpreting a statute, "our primary objective is to 'ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Blake v. Commonwealth, 288 Va. 375, 381 (2014) (quoting Cuccinelli v. Rector, Visitors of the Univ. of Va., 283 Va. 420, 425 (2012)). "[W]e must assume that 'the legislature chose, with care, the words it used . . . and we are bound by those words as we [examine] the statute.'" Eley, 70 Va. App. at 163 (alterations in original) (quoting Doulgerakis v. Commonwealth, 61 Va. App. 417, 420 (2013)).

The plain language of Code § 18.2-107 supports the trial court's interpretation that the word "fraudulently" applies only to the word "secrete." The General Assembly used "or," which is a disjunctive that signifies an availability of alternatives. Dollar Tree Stores, Inc. v. Tefft, 69 Va. App. 15, 25 (2018). Thus, the plain language of the statute indicates that there are three alternative ways to violate it: (1) steal, (2) fraudulently secrete, or (3) destroy a public record.

Rompalo argues that where a modifier comes at the beginning of a series of words, it necessarily modifies all of the words in the series. See Long v. United States, 199 F.2d 717, 719 (4th Cir. 1952) ("The use of the adverb 'forcibly' before the first of the string of verbs, with the

---

[4] The Commonwealth argues that Rompalo did not preserve her fraudulent intent argument because she did not renew her motion to strike the evidence after she presented evidence on her own behalf. However, Rompalo raised the issue again when she proffered jury instructions 10-A, 10-B, and 10-C to the trial court. By raising the issue at the jury instruction stage, it was raised as a legal issue rather than as a sufficiency of the evidence issue. See Jordan v. Commonwealth, 50 Va. App. 322, 326-27 (2007) (stating that the trial court's responsibility is to determine whether an instruction is a correct statement of law). Furthermore, Rompalo's assignment of error challenges the trial court's interpretation of the statute, not the sufficiency of the evidence.

disjunctive conjunction used only between the last two of them, shows quite plainly that the adverb is to be interpreted as modifying them all."); see also Porto Rico Ry., Light & Power Co. v. Mor, 253 U.S. 345, 348 (1920) (finding that a clause following a series of words applies equally to all of the words in the series).

In making this argument, however, Rompalo ignores the fact that the modifier, in this case the word "fraudulently," does not come at the beginning or end of a series of words. Here, the General Assembly chose to place the modifier before the second word in the series, rather than the first, which indicates it did not intend the modifier to apply to all of the words in the series. Furthermore, unlike in Long, the disjunctive "or" is not used only between the last two words in the series. Rather, the disjunctive "or" is used between each word in the series. By its placement of the modifier and its use of multiple disjunctives, we conclude that the General Assembly intended the modifier "fraudulently" to apply only to the word that directly follows it.

Rompalo argues that this interpretation turns the statute, or at least the "destroy" part of the statute, into a strict liability crime. We disagree. "Specific intent is not an implicit element of every statutory crime . . . ." Johnson v. Commonwealth, 37 Va. App. 634, 640 (2002). The absence of a specific intent requirement does not mean that the statute dispenses with the *mens rea* element of a crime. If a statute does not require a specific intent, a general criminal intent is still required. See, e.g., United States v. Adderly, 529 F.2d 1178, 1181 (5th Cir. 1976) ("All crimes other than those imposing strict liability still require a degree of culpability, either knowledge, intent, recklessness, or willfulness."). Accordingly, we conclude that the trial court did not err in concluding that "fraudulently" does not apply to "destroy."

### C. *Hearsay and Relevance Objections*

Rompalo argues that the trial court erred by sustaining the Commonwealth's hearsay and relevance objections to his questions about the RM-3 form. "The Supreme Court has held that

'[a] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" Nelson v. Commonwealth, 71 Va. App. 397, 403 (2020) (alterations in original) (quoting Rowe v. Commonwealth, 277 Va. 495, 502 (2009)).  This doctrine prevents "litigants from 'playing fast and loose' with the courts, or 'blowing hot and cold' depending on their perceived self-interests." Id. (citation omitted) (quoting Babcock & Wilcox Co. v. Areva NP, 292 Va. 165, 204-05 (2016)).

Rompalo argued that the witnesses should not be able to testify that they believed the document was destroyed because that was an ultimate issue of fact for the jury to decide.[5]  By arguing that the witnesses can testify about whether they filled out a document saying the records were destroyed, she was, in essence, asking the witnesses to state whether they believed the documents were destroyed.  Because Rompalo took inconsistent positions in the trial court below, we will not now consider her argument on appeal.

### D.  *Jury Instructions*

Rompalo argues that the trial court erred in rejecting her proffered jury instructions, Instructions 10-A, 10-B, and 10-C, each of which included an instruction that "the destruction was done with fraudulent intent."  She based her argument on her contention that the trial court erred in finding that fraudulent intent to destroy was not required.  Because we conclude that the

---

[5] Rompalo points out that her argument at the motion *in limine* was to prevent the *Commonwealth's* witnesses from testifying that the records were destroyed.  Her argument, however, was based on the ground that the witnesses should not be able to testify on an ultimate issue of fact.  The trial court repeatedly pointed out that this would apply to both Rompalo herself, if she testified, and her other witnesses.

trial court did not err in its interpretation of the statute, we likewise find that the trial court did

not err for refusing the jury instruction that required fraudulent intent.[6]

### III. CONCLUSION

For the foregoing reasons, we affirm the decisions of the trial court.

Affirmed.

---

[6] The Commonwealth argues that Rompalo waived her argument relating to the jury instructions because she did not obtain a ruling on the proffered instructions. At the outset of the discussion about the jury instructions, Rompalo's counsel told the trial court,

> based on the Court's ruling with the motion to strike with respect to the intent element, I think that there's going to be several instructions that I am going to offer them, Your Honor, but I would assume the Court will still have the same ruling with respect to the instructions. So we don't need to belabor the point and have a lot of argument on it. I would just offer them, Your Honor.

The trial court agreed. Given the full context of the discussions, and other statements made by both Rompalo and the trial court, we conclude that Rompalo did not waive her jury instruction argument.