Present:  All the Justices

MILTON MURILLO-RODRIGUEZ

OPINION BY

v.  Record No. 090510 JUSTICE LAWRENCE L. KOONTZ, JR.

January 15, 2010

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Milton Murillo-Rodriguez appeals from a judgment of the Court of Appeals of Virginia refusing his petition seeking an appeal of his conviction for abduction with intent to defile in violation of Code § 18.2-48.  The Court of Appeals held Murillo-Rodriguez's failure to make either a motion to strike at the conclusion of all the evidence or a motion to set aside the jury's verdict convicting him of that offense constituted a waiver of his challenge to the sufficiency of the evidence on appeal.[1]  Murillo-Rodriguez contends that Code § 8.01-384(A), as amended in 1992, and this Court's decision in King v. Commonwealth, 264 Va. 576, 570 S.E.2d 863 (2002), applying that statute to criminal cases, abrogates or limits the waiver rule applied by the Court of Appeals in this case. Accordingly, he contends that his motion to strike at the conclusion of the Commonwealth's evidence preserved for appeal

---

[1] In the same trial, the jury also convicted Murillo-Rodriguez of rape in violation of Code § 18.2-61.  Murillo-Rodriguez did not challenge this conviction in his petition to the Court of Appeals and, accordingly, that conviction is not before us in this appeal.

the issue of the sufficiency of the evidence. Although we have previously recognized the Court of Appeals' long-standing application of this concept of waiver in its jurisprudence, see, e.g., Ortiz v. Commonwealth, 276 Va. 705, 723-24, 667 S.E.2d 751, 762 (2008) (holding that failure to assign error to Court of Appeals finding of waiver barred consideration of that issue), we have not heretofore expressly addressed this concept of waiver on its merits.

BACKGROUND

When a defendant challenges the sufficiency of the evidence on appeal, the evidence is viewed in the light most favorable to the Commonwealth. Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009). When so viewed, the evidence presented at trial in this case established that on the evening of September 8, 2007, Murillo-Rodriguez first encountered C.U., the victim, as she was walking along Glade Drive in Reston on her way to a friend's home. Murillo-Rodriguez, a passenger in a vehicle driven by Elvis Gladamez, rolled down the window and offered to give C.U. a ride. When she declined the offer, Murillo-Rodriguez made an obscene remark, and C.U. crossed to the opposite side of the road to avoid having further contact with the two men.

Murillo-Rodriguez and Gladamez drove to Gladamez's home nearby and then "decided to abuse [the victim]." Walking back

along Glade Road, the two men again encountered C.U. on the sidewalk. As Gladamez blocked C.U.'s way, Murillo-Rodriguez grabbed her from behind and covered her mouth with his hand. The two men pulled C.U. down an embankment adjoining the sidewalk and into a wooded area where both men raped her.

After the two men released her, C.U. immediately went to her friend's home and reported the crimes to the police. Guided by C.U., police went to the location where the crime had occurred and recovered physical evidence supporting her description of the rape. The following day, C.U. saw her two assailants at a grocery store parking lot and contacted police, who detained and arrested Murillo-Rodriguez and Gladamez. During a police interview, Murillo-Rodriguez admitted to having had sexual contact with C.U., stating that he understood that he had committed a serious crime.[2]

On January 22, 2008, a grand jury in the Circuit Court of Fairfax County indicted Murillo-Rodriguez for both rape and abduction with intent to defile. A two-day, bifurcated jury trial was held in the circuit court beginning on April 22, 2008. During the Commonwealth's case-in-chief, evidence in

---

[2] The police interviewed Murillo-Rodriguez, who is not fluent in English, with the assistance of a Spanish-speaking officer. Murillo-Rodriguez stated that his actions were "un delito grave" (a serious crime) and when asked what crime he committed, he replied "[a]buso sexual" (sexual abuse).

accord with the above-recited facts was presented to the jury. At the conclusion of the Commonwealth's case, Murillo-Rodriguez's counsel moved to strike the evidence as to the abduction charge, contending that the Commonwealth failed to prove that the restraint of the victim was not merely "incidental to the rape." The Commonwealth responded that the removal of the victim of a rape to a place of seclusion increased the danger to the victim and was not merely incidental to the commission of the rape because it involved restraint greater than was necessary to accomplish that crime. Thus, the Commonwealth contended that the evidence was sufficient to support a finding by the jury that there was an independent abduction of the victim. Agreeing with the Commonwealth, the court overruled Murillo-Rodriguez's motion to strike the evidence as to the abduction charge.

Murillo-Rodriguez elected to introduce evidence in his defense and testified with the assistance of a Spanish language translator. Murillo-Rodriguez recanted his prior statement to the police, contending that he had been intoxicated at the time of the interview. Murillo-Rodriguez testified that he was acquainted with C.U. and her family and that he had engaged in consensual sexual activity with her prior to the date of the alleged rape. He further testified that C.U. was intoxicated when they met on September 8, 2007

4

and had voluntarily agreed to go to a nearby park, located some distance from the location where C.U. had indicated the rape had occurred, to have sexual intercourse with him. He further testified that although she initially declined to have sexual intercourse with Galdamez, she did so after they had consumed some beer.

After cross-examination and redirect examination of Murillo-Rodriguez, defense counsel stated, "That's my case, your Honor. The defense rests." Defense counsel did not renew his prior motion to strike the evidence as to the abduction charge.

The Commonwealth introduced rebuttal evidence from the police officer who had acted as translator during the interview of Murillo-Rodriguez following his arrest. The officer testified that Murillo-Rodriguez did not appear intoxicated at the time of the interview. Through this officer's testimony and without objection by the defense, the tape of Murillo-Rodriguez's interview was played for the jury. After defense counsel briefly cross-examined the officer, the Commonwealth rested its case, and the trial was adjourned for the day.

When the trial resumed the following morning, the jury was instructed by the circuit court, heard argument from the Commonwealth and defense counsel, and retired to consider its

5

verdict. The record does not reflect that Murillo-Rodriguez's counsel made a new motion to strike the evidence as to the charge of abduction with intent to defile at any point prior to the case being given to the jury. The jury unanimously found Murillo-Rodriguez guilty of rape and abduction with intent to defile. Although Murillo-Rodriguez's counsel requested a poll of the jury, he did not make a motion to set aside the jury's verdict.

Following additional testimony from the victim and Murillo-Rodriguez and additional argument by the parties in the penalty phase of the trial, the jury again retired to consider sentencing. The jury recommended sentences of 20 years imprisonment on each charge. The jury was again polled, but Murillo-Rodriguez's counsel did not make a motion to set aside the verdict.

Following preparation of a pre-sentence report, the circuit court conducted a sentencing hearing on June 26, 2008. No transcript of the sentencing hearing was included in the record made available to the Court of Appeals and to this Court. However, the sentencing order does not reflect, and Murillo-Rodriguez does not contend, that his counsel made a motion to set aside the verdict during or at the conclusion of the sentencing hearing. The court sentenced Murillo-Rodriguez

in accordance with the jury's verdict, directing that the sentences be served consecutively.

Murillo-Rodriguez noted an appeal to the Court of Appeals. In his petition for appeal, Murillo-Rodriguez contended that the circuit court erred in failing to strike the Commonwealth's evidence as to the charge of abduction with intent to defile because the evidence failed to show that the restraint of the victim "was separate and distinct from the restraint inherent in the crime of rape."

In an order dated February 11, 2009, the Court of Appeals refused the petition for appeal, first noting that, contrary to the requirements of Rule 5A:20(c), the petition failed to include "a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court." Murillo-Rodriguez v. Commonwealth, Record No. 1763-08-4, slip op. at 1 (Feb. 11, 2009). The Court went on to state that in its review of the record it found that although Murillo-Rodriguez "made a motion to strike on the abduction charge after the Commonwealth rested its case-in-chief . . . the record fail[ed] to show that [Murillo-Rodriguez] renewed his motion to strike any time thereafter or timely moved to set aside the verdict." Id.

Citing McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995) (en banc) (per curiam) (hereinafter,

7

"McQuinn II") and McGee v. Commonwealth, 4 Va. App. 317, 321, 357 S.E.2d 738, 739-40 (1987), the Court stated that "[i]n a jury trial, the defendant must make a motion to strike at the conclusion of all the evidence, or make a motion to set aside the verdict, in order to preserve the question of sufficiency of the evidence." Murillo-Rodriguez, Record No. 1763-08-4, slip op. at 2. The Court concluded that Murillo-Rodriguez had not preserved for appeal his challenge to the sufficiency of the evidence to support the conviction for abduction with intent to defile. Accordingly, the Court held that Murillo-Rodriguez's appeal was barred by Rule 5A:18, and further held that it would not apply the ends of justice exception of that rule as the record did not demonstrate that the failure to do so would permit a miscarriage of justice to occur. Id.

Murillo-Rodriguez noted an appeal from the judgment of the Court of Appeals to this Court. In his petition for appeal, Murillo-Rodriguez first assigned error to the judgment of the Court of Appeals that he had not adequately preserved for appeal the issue of the sufficiency of the evidence to support the conviction for abduction with intent to defile by his motion to strike the evidence at the conclusion of the Commonwealth's case-in-chief. He further assigned error to the failure of the Court of Appeals to overturn his conviction

8

for abduction.  By an order dated June 19, 2009, we awarded Murillo-Rodriguez this appeal.

DISCUSSION

The resolution of Murillo-Rodriguez's first assignment of error is dispositive to this appeal and involves the interplay between two closely related, but distinct concepts of waiver, and the application of a statutory provision limiting the circumstances in which an appellate court may find that an appellant has waived an issue for appeal after having "ma[de] known to the [trial] court the action which he desires the court to take or his objections to the action of the court and his grounds therefor."  Code § 8.01-384(A).  The first concept of waiver is principally a rule of trial procedure, applied by this Court in criminal cases for over sixty years, requiring a court to consider all the evidence before it when a defendant challenges the sufficiency of the evidence after electing to introduce evidence in his defense at the conclusion of the Commonwealth's case-in-chief.  The second concept of waiver is a more recent rule of appellate procedure, first applied by the Court of Appeals in 1986, which bars the review by an appellate court of a challenge to the sufficiency of the evidence where a defendant who has elected to introduce evidence in his defense does not make either a motion to

strike at the conclusion of all the evidence or a motion to set aside the verdict.

We begin our analysis by examining the relevant statute. As first enacted in 1970, former Code § 8-225.1 provided that:

> Formal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him on motion for a new trial or on appeal.

In 1977, Code § 8-225.1 was recodified without amendment as Code § 8.01-384(A). 1977 Acts ch. 617. In 1992, subsection (A) of the statute was amended by the addition of the following text:

> No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement of the order. Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, _unless expressly withdrawn or waived_, be deemed _preserved_ therein for assertion on appeal.

1992 Acts ch. 564 (emphasis added).  The legislation adding this language to the statute further stated "[t]hat the provisions of this act are declaratory of existing law."  Id.

In order to determine whether Code § 8.01-384(A) is applicable to the circumstances of this case, we first examine the origin of the two concepts of waiver that are implicated here.  Though the concept that presentation of evidence by a defendant is a waiver of a prior challenge to an opponent's evidence is undoubtedly older and was regularly applied by this Court in civil cases, see, e.g., Rawle v. McIlhenny, 163 Va. 735, 741, 177 S.E. 214, 216 (1934), the application of this concept of waiver in a criminal case in Virginia derives from the case of Spangler v. Commonwealth, 188 Va. 436, 50 S.E.2d 265 (1948).  In Spangler, citing Rawle and other civil cases, we said:

> When a defendant in a civil or criminal case proceeds to introduce evidence in his own behalf, after the trial court has overruled his motion to strike, made at the conclusion of the introduction of plaintiff's evidence in chief, he waives his right to stand upon such motion.  Plaintiff's case may be strengthened by defendant's evidence.  If thereafter a motion is made to strike the evidence or to set aside the verdict, the court must consider the entire record in reaching its conclusion.

Id. at 438, 50 S.E.2d at 266.  Though we did not expressly indicate that Spangler made a motion to strike after introducing his evidence, a subsequent examination of the

11

record by a judge of the Court of Appeals in a later case confirmed that the trial court had taken Spangler's motion to strike the Commonwealth's evidence under advisement and that Spangler made a further motion to strike at the conclusion of all the evidence, which the trial court denied. See McQuinn v. Commonwealth, 19 Va. App. 418, 431, 451 S.E.2d 704, 710-11 (1994) (Cole, J., concurring in part and dissenting in part) (hereinafter, "McQuinn I").

Applying the rule from Rawle, we held in Spangler that after proceeding to introduce evidence in his own behalf, Spangler could not thereafter limit his challenge to the sufficiency of the evidence to that presented solely by the Commonwealth, but, rather, the only question to be considered by the trial court, and subsequently by this Court on appeal, was "whether considering all the evidence, the guilt of the accused is established beyond a reasonable doubt." 188 Va. at 438, 50 S.E.2d at 266. The issue in Spangler, therefore, was not whether the defendant had preserved for appeal his challenge to the sufficiency of the evidence, but rather what quantum of evidence from which guilt will be determined should be considered by the trial court, and in turn by an appellate court, when a defendant challenges the sufficiency of the evidence after introducing evidence in his own behalf.

12

While Spangler was a bench trial, we subsequently applied the same concept of waiver to jury trials where the defendant elected to introduce evidence in his defense. See, e.g., Orange v. Commonwealth, 191 Va. 423, 428, 61 S.E.2d 267, 269 (1950). In subsequent criminal cases in which we have applied Spangler or one of its progeny, the expression of the waiver concept has consistently been that when a defendant elects to introduce evidence in his own behalf after the denial of a motion to strike the Commonwealth's evidence, any further challenge to the sufficiency of the evidence at trial or on appeal is to be determined from the entire record, because by putting on additional evidence, the defendant waives his ability to challenge the sufficiency of the Commonwealth's evidence in isolation.[3]

In contrast, the concept of waiver applied by the Court of Appeals in the present case does not involve the quantum of evidence to be considered when reviewing the sufficiency of

---

[3] See, e.g., Canady v. Commonwealth, 214 Va. 331, 332-33, 200 S.E.2d 575, 576-77 (1973) (per curiam); Tolley v. Commonwealth, 216 Va. 341, 347, 218 S.E.2d 550, 554 (1975); Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976); Hargraves v. Commonwealth, 219 Va. 604, 605, 248 S.E.2d 814, 815 (1978); Carter v. Commonwealth, 223 Va. 528, 531, 290 S.E.2d 865, 866-67 (1982); Starks v. Commonwealth, 225 Va. 48, 55, 301 S.E.2d 152, 156 (1983); Bunch v. Commonwealth, 225 Va. 423, 439, 304 S.E.2d 271, 280 (1983); Roberts v. Commonwealth, 230 Va. 264, 270 n.8, 337 S.E.2d 255, 259 n.8 (1985); Sheppard v. Commonwealth, 250 Va. 379, 387, 464 S.E.2d 131, 136 (1995).

the evidence.  Rather, the focus is upon the concept of waiver in the context of appellate procedure for determining whether a challenge to the sufficiency of the evidence has been preserved for appeal.  The Court of Appeals first addressed this concept of waiver in White v. Commonwealth, 3 Va. App. 231, 348 S.E.2d 866 (1986), involving a jury trial where the defendant moved to strike the evidence at the conclusion of the Commonwealth's case-in-chief, but did not make a motion to strike at the conclusion of all the evidence and did not make a motion to set aside the jury's verdict.  While recognizing the established rule that if a defendant makes a motion to strike the evidence at the conclusion of all the evidence or makes a motion to set aside the verdict a " 'court must consider the entire record in reaching its conclusion,' " id. at 233, 348 S.E.2d at 867 (quoting Spangler, 188 Va. at 438, 50 S.E.2d at 266), the Court concluded that no Virginia authority directly addressed the issue of what consequence would ensue from the failure of the defendant to make these motions.  The Court observed that because White "never objected to the sufficiency of the evidence" after presenting his own case, "the trial court was never asked to rule on this issue based on the entire record."  White, 3 Va. App. at 233, 348 S.E.2d at 867.  Thus, citing Rule 5A:18, the Court held that by failing to make a motion to strike after he introduced

14

his evidence White waived his challenge to the sufficiency of the evidence just as if he "failed to object to any other matter at trial."[4]  Id.

The Court of Appeals revisited the issue of preservation for appeal of sufficiency issues in a jury trial in Day v. Commonwealth, 12 Va. App. 1078, 407 S.E.2d 52 (1991).  In Day, the majority applied White, holding that a defendant's challenge to the sufficiency of the evidence to show proper venue in a motion to strike at the conclusion of the Commonwealth's case was waived where he failed to renew that motion after introducing evidence in his defense and made no express argument on that point in asking the court to set

---

[4] Though not directly relevant to the issue raised in this appeal, which is essentially indistinguishable from the circumstances in White, we note that the Court of Appeals has refined and limited its application of this waiver rule in subsequent cases.  See, e.g., McGee, 4 Va. App. at 321, 357 S.E.2d at 739-40 (holding that "[a] prior motion to strike the evidence . . . is not a prerequisite to a motion to set aside the verdict"); Sylvestre v. Commonwealth, 10 Va. App. 253, 255, 391 S.E.2d 336, 338 (1990) (rejecting the Commonwealth's contention that White should be extended to bar a defendant from challenging the sufficiency of the evidence on appeal in any case where the defendant elects to put on evidence); Campbell v. Commonwealth, 12 Va. App. 476, 479-81, 405 S.E.2d 1, 2-3 (1991) (en banc) (declining to extend White to a bench trial where no express motion to strike had been made at the conclusion of the case, but where sufficiency of the evidence had been fully addressed in the defense's closing argument); Cotter v. Commonwealth, 21 Va. App. 453, 454, 464 S.E.2d 566, 567 (1995) (en banc) (order) (holding that although trial court ruled on motion to set aide the verdict, failure of defendant to provide a record of the basis for the motion

15

aside the jury's verdict. 12 Va. App. at 1079-80, 407 S.E.2d at 53-54. The majority of the panel in Day did not address Code § 8.01-384(A). Recognizing that the panel was bound by the existing precedent of White, a member of the panel in a concurring opinion nevertheless expressed the view that the "one objection limit" of Code § 8.01-384(A), as then in effect since 1970, "eliminat[ed] the need for formal exceptions and declar[ed] that stating one's objection and the ground for it at the time a court rules is sufficient to preserve an issue for appeal." Id. at 1081, 407 S.E.2d at 54-55 (Barrow, J., concurring).

Following the amendment of Code § 8.01-384(A) in 1992, the Court of Appeals in McQuinn I considered a challenge to the waiver concept established in White. There, the Commonwealth asserted the procedural waiver established in White, as confirmed by Day, barred McQuinn, who had introduced evidence in his defense following the denial of his motion to strike at the conclusion of the Commonwealth's case-in-chief and had not thereafter renewed the motion to strike or moved to set aside the verdict, from challenging the sufficiency of the evidence on appeal. McQuinn I, 19 Va. App. at 420, 451 S.E.2d at 705. Addressing the issue of preservation of the

---

barred consideration of challenge to sufficiency of the evidence).

16

challenge to the sufficiency of the evidence, the majority of the panel concluded that "the defendant's motion at the conclusion of the Commonwealth's evidence was sufficient to preserve the question for review on appeal." Id. The majority reasoned, in part, that where a defendant elects to introduce evidence following the denial of a motion to strike at the conclusion of the Commonwealth's case-in-chief, Code § 8.01-384(A) preserved the challenge to the sufficiency of the evidence on appeal "if the defendant's evidence does no more than conflict with the prosecution's evidence and does not render it insufficient as a matter of law, [because] the question of sufficiency does not change following presentation of the defendant's evidence. In such an instance, reconsideration of a motion to strike the evidence, once denied, is unnecessary." Id. at 422, 451 S.E.2d at 706. Both McQuinn and the Commonwealth petitioned the Court of Appeals for a rehearing en banc and both petitions were granted.

Sitting en banc, a majority of the Court found that White barred McQuinn's sufficiency challenge because he had introduced evidence in his defense and had not thereafter made a motion to strike or a motion to set aside the verdict challenging the evidence as a whole. McQuinn II, 20 Va. App. at 755-56, 460 S.E.2d at 625-26. The majority rejected McQuinn's contention that the 1992 amendment of Code § 8.01-

17

384(A) had abrogated or limited the application of White and its progeny.  The majority reasoned that "[t]he legislature is presumed to know the decisions of the appellate courts of the Commonwealth and to acquiesce therein unless it countermands them explicitly."  Id. at 757, 460 S.E.2d at 626.  Applying this rule of construction, the majority noted that "[t]he doctrine[s] of Spangler, White, and Day, based on . . . concept[s] of waiver, w[ere] firmly in place prior to the 1992 amendment to Code § 8.01-384(A)" and, thus, "[t]he 1992 statutory amendment did not address waiver and did not explicitly overrule the holdings of Spangler, White, and Day." Id.  This Court refused McQuinn's petition for appeal from the judgment of the Court of Appeals.  McQuinn v. Commonwealth, Record No. 951752 (December 27, 1995).

Following McQuinn II, the Court of Appeals has consistently applied the White/McQuinn II concept of waiver to require a defendant who elects to introduce evidence in his defense after the denial of a motion to strike the Commonwealth's evidence to reassert in some fashion a challenge to the sufficiency of the evidence as a whole after the record is complete, and if he fails to do so, he waives his ability to raise that issue on appeal.  This concept of waiver is so well established in the jurisprudence of the Court of Appeals that its application has primarily been

18

confined to unpublished memoranda opinions and, as in this case, orders refusing petitions for appeal.

Notwithstanding the Court of Appeals' decisions in White and McQuinn II, Murillo-Rodriguez asserts that the concept of waiver established in those cases is not applicable to the circumstances of his case. He contends that in King this Court recognized that the amendment of Code § 8.01-384(A) in 1992 superseded the requirement for making a motion to strike all the evidence once a motion to strike the Commonwealth's evidence is made, and that any waiver of a challenge to the sufficiency of the evidence on appeal must be affirmatively shown on the record and will not be implied from the failure to make a subsequent motion to strike the evidence or from the absence of a motion to set aside the verdict after the defendant has elected to introduce evidence in his defense. Murillo-Rodriguez further contends that nothing in the evidence he presented in this case, or by the Commonwealth in rebuttal, added to or enhanced the evidence regarding the length of time or level of force used to restrain the victim prior to the rape. Accordingly, he maintains that under Code § 8.01-384(A) there was no waiver of his challenge to the sufficiency of the evidence to support the independent offense of abduction for which he was indicted.

19

The Commonwealth correctly responds that Murillo-Rodriguez's reliance on King is misplaced. In that case the defendant made a motion to strike at the conclusion of the introduction of the evidence, but then failed to object to a jury instruction that addressed the same issue as the argument made in support of the motion to strike. 264 Va. at 579, 570 S.E.2d at 864. Our holding in King does not stand for the proposition that Code § 8.01-384(A) as amended in 1992 has altered or superseded the requirement that a defendant make a motion to strike all the evidence or thereafter a motion to set aside an unfavorable verdict in order to challenge on appeal the sufficiency of the evidence to support a conviction. In King, in the context of the provisions of Code § 8.01-384(A), we held that the issue was made known to the trial court in the defendant's motion to strike the evidence and that the defendant's failure to subsequently object to a jury instruction that varied from the language of the indictment did not constitute a waiver of the issue denied by the trial court following the motion to strike the evidence. 264 Va. at 580-82, 570 S.E.2d at 865-66.

While we agree with the Commonwealth that King is distinguishable from, and thus not directly applicable to, the facts of the present case, this does not resolve Murillo-Rodriguez's contention that our application of Code § 8.01-

20

384(A) in that case should be extended to provide for a more relaxed rule with regard to the necessity for formal objections to the sufficiency of the evidence in criminal cases. To the contrary, this case presents us with the opportunity, not available in Ortiz, specifically to consider the concept of waiver established by the Court of Appeals in White and McQuinn II and whether in McQuinn II the Court of Appeals correctly interpreted the interplay between that concept of waiver and Code § 8.01-384(A).

Conceding that this Court has not directly applied the decisions in White and McQuinn II with regard to the concept of waiver in a direct appeal, the Commonwealth contends that implicitly we have recognized the application of that concept in Jerman v. Director, Dept. of Corrections, 267 Va. 432, 593 S.E.2d 255 (2004). However, Jerman involved a petition for post-conviction relief through habeas corpus. Our conclusion that appellate counsel's decision not to challenge the sufficiency of the evidence on direct appeal was not ineffective "because that argument was procedurally defaulted when trial counsel failed to renew the motion to strike at the close of all the evidence," id. at 441, 593 S.E.2d at 260, merely reflects our recognition of the state of the law applicable to the underlying direct appeal, rather than a

21

considered approval of the Court of Appeals' decisions in White and McQuinn II.

Accordingly, we will first consider whether the application of the concept of waiver originally established and applied by the Court of Appeals in White was correct, and second, we will consider whether the Court of Appeals correctly determined in McQuinn II that the 1992 amendment to Code § 8.01-384(A) did not abrogate or limit the application of the concept of waiver established in White.

The concept of waiver first set forth in White is in reality nothing more than a straightforward application of the contemporaneous objection rule. "The primary purpose of requiring timely and specific objections is to allow the trial court an opportunity to rule intelligently on the issues presented, thereby avoiding unnecessary appeals and reversals. A specific, contemporaneous objection also provides the opposing party an opportunity to address an issue at a time when the course of the proceedings may be altered in response to the problem presented. If a party fails to make a timely objection, the objection is waived for purposes of appeal." Shelton v. Commonwealth, 274 Va. 121, 126, 645 S.E.2d 914, 916 (2007) (citations omitted).

When a defendant has elected to introduce evidence on his own behalf after a motion to strike the Commonwealth's

22

evidence has been denied, he necessarily changes the quantum of evidence from which his guilt will be determined.  This is especially true where, as in this case, the defendant testifies on his own behalf and recants a prior confession, thereby putting his credibility at issue before the trier of fact.

As the Court of Appeals observed in White, the failure to object to the sufficiency of all the evidence is a waiver of that issue just as if the defendant "failed to object to any other matter at trial."  3 Va. App. at 233, 348 S.E.2d at 867. This is so because, by not reasserting a sufficiency challenge after he has introduced his own evidence, the defendant has deprived the trial court of the opportunity to consider and rule on the sufficiency of the evidence as a matter of law under the proper standard required by Spangler.[5]  Accordingly, we hold that the Court of Appeals correctly concluded in White that in such cases the defendant must afford the trial court the opportunity upon proper motion to decide the question of the sufficiency of all the evidence, and that if he fails to

---

[5] Although we frequently refer to a defendant "renewing" his motion to strike at the conclusion of the introduction of all the evidence, properly understood a "renewed" motion to strike is a new motion asking the trial court to apply a prior challenge to the sufficiency of the Commonwealth's case to all the evidence.

do so, he has waived his right to challenge the sufficiency of the evidence on appeal.

With regard to the application of Code § 8.01-384(A), in McQuinn II the en banc Court of Appeals addressed the question whether the 1992 amendment of that statute had abrogated or limited the concept of waiver established in White requiring a challenge to the sufficiency of all the evidence and concluded that it had not.  However, subsequent to the Court of Appeals decision in McQuinn II, we have applied Code § 8.01-384(A) in both civil and criminal cases to conclude that a party was not barred from asserting an issue on appeal that was the subject of a pre-trial or interlocutory motion or objection overruled by the trial court and not thereafter renewed when the issue arose again later in the trial.  For example, as noted above, in King, we held that the defendant was not required to object to a jury instruction that was contrary to his argument made during a motion to strike at the conclusion of all the evidence that the Commonwealth's evidence did not conform to the indictment.  264 Va. at 579, 570 S.E.2d at 864.  We explained the application of Code § 8.01-384(A) and its recognition that a prior objection or argument from a motion might be waived as follows:

> Like the waiver of any legal right, the waiver referenced in Code § 8.01-384(A) "will be implied only upon clear and unmistakable proof of the

24

> intention to waive such right for the essence of
> waiver is voluntary choice."  Chawla v.
> BurgerBusters, Inc., 255 Va. 616, 623, 499 S.E.2d
> 829, 833 (1998).  In Chawla, the appellee also
> argued that the failure to object to a jury
> instruction was a waiver of a prior objection on the
> same issue.  Applying Code § 8.01-384(A), we
> rejected this argument, finding no support in the
> record for the conclusion that the appellant
> "abandoned or evidenced an intent to abandon the
> [prior] objection."  Id.
>
> The same rationale applies to the circumstances
> of this case with equal, if not greater, force
> considering the gravity of applying an implied
> waiver in a criminal trial.  The undeniable purpose
> of Code § 8.01-384(A) is to relieve counsel of the
> burden of making repeated further objections to each
> subsequent action of the trial court that applies or
> implements a prior ruling to which an objection has
> already been noted.  In this regard, the statute and
> the contemporaneous objection rule contained in Rule
> 5A:18, applicable in the Court of Appeals, and in
> Rule 5:25, applicable in this Court, are entirely
> consistent.

Id. at 581, 570 S.E.2d at 865-66.

We have subsequently applied Code § 8.01-384(A) in a criminal law context to reject the Commonwealth's assertion of a defense waiver of an issue in Gray v. Commonwealth, 274 Va. 290, 305-06, 645 S.E.2d 448, 458 (2007), where we concluded that an argument raised in a memorandum in support of a pre-trial motion to declare the capital murder statute unconstitutional was adequately presented to the trial court even though not addressed in a subsequent hearing on the motion.  Similarly, in Shelton, we applied the statute in an appeal of a Sexually Violent Predator Act commitment

25

proceeding to hold that a pre-trial motion and qualified endorsement of the final order were sufficient to preserve issues raised on appeal although no objections were raised on those issues during the commitment hearing. 274 Va. at 127, 645 S.E.2d at 916.

Murillo-Rodriguez contends that the application of Code § 8.01-384(A) by this Court in these cases essentially supports his contention that the proper application of the concept of waiver at issue would allow an appeal challenging the sufficiency of the evidence based solely on a motion to strike the Commonwealth's evidence so long as the evidence offered by the defendant does not "change[] the context in which the court had judged the sufficiency of the evidence as it related to his earlier motion to strike." He contends that such would be the case here because his motion to strike at the end of the Commonwealth's evidence "fully [apprised] the trial court of his contention that the evidence was legally insufficient to support a charge of abduction separate and distinct from that of rape," and thereafter the evidence he introduced "gave a completely different account of what transpired . . . there was no abduction, no asportation, and no rape." Accordingly, Murillo-Rodriguez contends that under Code § 8.01-384(A) he was not required to raise a further challenge to the sufficiency of the evidence to support the

26

separate crime of abduction with intent to defile because the evidence of that crime was limited to the evidence presented by the Commonwealth in its case-in-chief.

We do not agree with Murillo-Rodriguez that Code § 8.01-384(A) should be applied in this case, or in any similar case, to permit appellate review of the sufficiency of the evidence based solely on a motion to strike denied after the Commonwealth's case-in-chief. To the contrary, we hold that the statute does not apply to the circumstances of such cases for the self-evident reason, clearly set out in Spangler and in the subsequent line of cases which followed its rationale, that a motion to strike the evidence presented after the Commonwealth's case-in-chief is a separate and distinct motion from a motion to strike all the evidence, or a motion to set aside an unfavorable verdict, made after the defendant has elected to introduce evidence on his own behalf.

In each of the cases in which we have applied Code § 8.01-384(A) to find that the statute did not permit an appellee to assert waiver of an issue by the appellant, we have been consistent in holding that in order for a waiver to be found the statute requires that "the record must affirmatively show that the party who has asserted an objection has abandoned the objection [or argument of an overruled motion] or has demonstrated by his conduct the

27

intent to abandon" that argument. Shelton, 274 Va. at 127-28, 645 S.E.2d at 917; see also Helms v. Manspile, 277 Va. 1, 6, 671 S.E.2d 127, 129 (2009); King, 264 Va. at 581, 570 S.E.2d at 865-66; Chawla, 255 Va. at 623, 499 S.E.2d at 833. However, the concept of waiver established in Spangler, which is the underpinning of White and its progeny including McQuinn II, is that by electing to introduce evidence in his defense after a motion to strike the Commonwealth's evidence is denied, a defendant has affirmatively "waive[d] his right to stand upon such motion." 188 Va. at 438, 50 S.E.2d at 266. In short, by electing to introduce evidence in his defense, the defendant demonstrates "by his conduct the intent to abandon" the argument that the Commonwealth failed to meet its burden through the evidence presented in its case-in-chief. Graham v. Cook, 278 Va. 233, 248, 682 S.E.2d 535, 543 (2009) (citing Helms, 277 Va. at 6, 671 S.E.2d at 129). Thus, any challenge to the sufficiency of the evidence after such waiver will necessarily raise a new and distinct issue from the one presented by the denied motion to strike.

Furthermore, even if we were to agree with Murillo-Rodriguez that his self-serving testimony, especially his recantation of his statement to police, did not implicate the question of whether he abducted the victim, we would nonetheless reject his contention that the concept of waiver

28

established in Spangler should apply only where the evidence presented by a defendant after a motion to strike is denied is directly relevant to the issue which he subsequently seeks to challenge on sufficiency grounds. To the contrary, while we indicated that the basis for the waiver was that the "[prosecution's] case may be strengthened by defendant's evidence," 188 Va. at 438, 50 S.E.2d at 266 (emphasis added), the waiver arises as soon as the defendant elects to introduce any evidence without regard to its quality, focus or import. In the absence of this bright line rule, appellate courts would be forever reviewing the evidence presented by defendants to determine whether, directly or by inference, it related to a particular question of the sufficiency of the evidence being asserted on appeal.

In sum, the waiver rule established in Spangler bars the defendant from challenging only the sufficiency of the Commonwealth's evidence, both in the trial court and on appeal, if he elects to introduce evidence of his own. By contrast, the waiver rule established in White and confirmed in McQuinn II is addressed only to whether the defendant will be allowed to challenge the sufficiency of all the evidence on appeal. The Court of Appeals' waiver rule, which we now expressly approve, is not subject to the application of Code § 8.01-384(A) because the failure of the defendant to

challenge the sufficiency of the evidence at the conclusion of the introduction of all the evidence, whether by a motion to strike or a motion to set aside the verdict, does not present the same issue as was asserted in a previously denied motion to strike the Commonwealth's evidence.  While Code § 8.01-384(A), by its express language, supports the application of the waiver in Spangler because the defendant, by electing to introduce evidence in his defense, has affirmatively waived his objection limited to the Commonwealth's evidence, the statute simply does not apply to the application of the waiver rule established in White and McQuinn II because that waiver applies when the defendant, after introducing evidence in his defense, has failed to challenge the sufficiency of the evidence as a whole in the trial court.  Simply put, a defendant may not rely upon Code § 8.01-384(A) to preserve for appeal an issue that he never allowed the trial court to rule upon.

Accordingly, we hold that the Court of Appeals correctly determined that Murillo-Rodriguez had waived his challenge to the sufficiency of all the evidence to support his conviction for abduction with intent to defile.  We further agree with the Court of Appeals that the ends of justice do not require that the question of the sufficiency of the evidence be reviewed despite this waiver, as the record from the circuit

30

court amply demonstrates that no miscarriage of justice has occurred.

## CONCLUSION

For these reasons, we hold that the Court of Appeals did not err in refusing Murillo-Rodriguez's petition for appeal. Accordingly, the judgment of the Court of Appeals will be affirmed.

<u>Affirmed</u>.