COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


BEN W. HUNTER

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2542-09-2                  CHIEF JUDGE WALTER S. FELTON, JR.
                                                                NOVEMBER 16, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LANCASTER COUNTY
Buford M. Parsons, Jr., Judge Designate

James O. Broccoletti (Zoby & Broccoletti, P.C., on brief), for
appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


Following a bench trial, Ben W. Hunter ("appellant") was convicted of felony failure to

appear in violation of Code § 19.2-128(B) and misdemeanor failure to appear in violation of Code

§ 19.2-128(C).  He contends the trial court erred in finding the evidence sufficient to convict him of

felony failure to appear.[1]  For the following reasons, we affirm the judgment of the trial court.

On appeal, appellant asserts that the trial court erred in convicting him of felony failure to

appear because, at the time of his scheduled trial on February 7, 2006, there was no pending felony

charge for which he failed to appear.  He argues that the officer testified on cross-examination that

appellant's criminal history report reflected that the trial court had previously dismissed the

underlying felony charges.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not challenge his misdemeanor failure to appear conviction on appeal.

The record presented on appeal is woefully incomplete. It contains two indictments, one charging appellant with failure to appear on February 7, 2006 for trial on drug-related felony charges and the other charging him with failure to appear on a drug-related misdemeanor charge. It also contains a partial transcript of appellant's July 7, 2009 trial on those indictments and thirty-two drug-related charges.[2] The partial trial transcript concludes with a recess taken during the Commonwealth's case-in-chief at the conclusion of the testimony of its first witness, a police officer. Prior to the recess, the officer testified that appellant was arrested on four drug-related felonies and that he had a preliminary hearing on those charges, each of which was certified to a grand jury. He also testified that a grand jury thereafter indicted appellant on multiple drug-related felony charges and that appellant failed to appear on the scheduled trial date.[3] Appellant concedes in his brief on appeal that at the preliminary hearing he "confirmed that his presence was required on February 7, 2006 for a trial in reference to the certified felony charges."

The record on appeal does contain the trial court's conviction order that states, "At the conclusion of all the evidence, and argument of counsel, . . . [t]he Court finds the defendant GUILTY" of felony failure to appear. See McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997) ("A court speaks through its orders and those orders are presumed to accurately reflect what transpired."). That order shows that appellant made a motion to strike the

---

[2] The conviction order in the record reflects that appellant was acquitted of the drug-related charges.

[3] The partial transcript contains the cross-examination of the police officer during which appellant apparently showed a copy of a criminal history record to the witness, and asked him if the report showed that four felony indictments had been previously dismissed. The officer answered, "Yes," when asked if the document contained that information. That document was not made part of the record on appeal.

Commonwealth's evidence at the conclusion of its case-in-chief, "on grounds stated to the record," and that the trial court denied that motion.

However, the record on appeal does not contain appellant's argument at the conclusion of the Commonwealth's case-in-chief as to why the evidence was insufficient to establish a prima facie case which, if believed, would support a conviction for felony failure to appear.[4] See Rule 5A:18. Moreover, the record on appeal does not contain the arrest warrants or indictments for the underlying felonies for which appellant failed to appear. It does not contain any order dismissing those indictments, nor does it contain the criminal history report reflecting that those indictments had been previously dismissed.

"The Court 'ha[s] many times pointed out that on appeal . . . the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.'" Brailey v. Commonwealth, 55 Va. App. 435, 445, 686 S.E.2d 546, 551 (2009) (alteration in original) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

The record appellant has presented to us on appeal fails to provide this Court with an adequate record to determine whether the trial court erred in convicting appellant of failure to appear on a felony charge in violation of Code § 19.2-128(B). Accordingly, we affirm his conviction.

Affirmed.

---

[4] The conviction order states that "the Court heard the evidence presented on behalf of the Commonwealth *and the defendant*." (Emphasis added). However, the record does not contain any evidence presented by the defense nor any motion by appellant to strike the Commonwealth's evidence at the conclusion of the presentation of all the evidence. See Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 72, 688 S.E.2d 199, 203 (2010) (barring "review by an appellate court of a challenge to the sufficiency of the evidence where a defendant who has elected to introduce evidence in his defense does not make either a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict").