**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 4th day of November, 2011.

Wayne R. McDowell, II,                                                    Appellant,

   against   Record No. 102478
              Court of Appeals No. 0200-10-2

Commonwealth of Virginia,                                             Appellee.

Upon an appeal from a judgment rendered by the
Court of Appeals of Virginia

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that the issue presented by this appeal has been waived by appellant.

In a bench trial conducted in the Circuit Court of the City of Charlottesville, appellant was convicted of violating Code § 18.2-118 for failing to return rental property. Appellant appealed his conviction to the Court of Appeals of Virginia contending, inter alia, that the circuit court erred in finding that the evidence was sufficient to show that the notice requirement of Code § 18.2-118(b) had been satisfied when the record showed that the lessor had not sent the notice to appellant's address listed on the lease agreement as prescribed by the statute.[*] The Court of Appeals held that the addition of "more accurate information" to the address provided in the lease agreement did not violate the notice

---

[*] The Court of Appeals found that additional arguments raised in the appeal were barred by Rules 5A:12(c) and 5A:18. Those matters are not before this Court in this appeal.

requirement of the statute and affirmed the conviction.  McDowell

v. Commonwealth, 57 Va. App. 308, 316, 319, 701 S.E.2d 820, 824,

826 (2010).

By an order dated April 15, 2011, we awarded appellant an

appeal limited to the consideration of his assignment of error No.

1 which reads as follows:

> The trial court erred in holding that the Commonwealth's
> evidence established compliance with the notice
> requirement of Va. Code Ann. § 18.2-118(b), where the
> letter was not sent to the exact address on the rental
> contract, as required by statute.

At the close of the Commonwealth's case-in-chief, appellant's

trial counsel moved to strike the evidence.  Counsel contended that

because sending the notice in the manner prescribed served as prima

facie evidence of the intent to defraud even without proof of

receipt of the notice, the notice requirement of Code § 18.2-118(b)

should be strictly construed as requiring the lessor to send the

notice to the address exactly as given in the lease agreement, even

if the address was obviously incomplete.  Counsel contended that

because the lessor had added additional information to complete the

address, the Commonwealth could not rely upon the presumption

created by the statute to establish appellant's intent to defraud

the lessor and, thus, the evidence was not sufficient to prove the

offense.  The circuit court overruled the motion to strike, noting

appellant's exception.

Appellant then elected to introduce evidence in his defense. After concluding his case, appellant did not renew the motion to strike and in his closing argument did not expressly address the issue of whether the notice requirement of the statute had been properly complied with in order to establish the intent to defraud the lessor. Rather, appellant's counsel merely stated that "if the Commonwealth accepts the statutory shortcut to establish prima facie evidence [of intent to defraud] that's – that's one thing," and then proceeded to argue that the prima facie case had been rebutted by evidence that appellant had made lease payments until subsequently he was incarcerated on an unrelated charge.

" 'When a defendant in a civil or criminal case proceeds to introduce evidence in his own behalf, after the trial court has overruled his motion to strike, made at the conclusion of the introduction of plaintiff's evidence in chief, he waives his right to stand upon such motion.' " Murillo-Rodriguez v. Commonwealth, 279 Va. 64, 73, 688 S.E.2d 199, 204 (2010) (quoting Spangler v. Commonwealth, 188 Va. 436, 438, 50 S.E.2d 265, 266 (1948). Thereafter, the defendant must renew the motion to strike at the conclusion of all the evidence, or in a bench trial, at the very least, he must reassert the issues raised in his original motion to strike in his closing argument in order to preserve the issues for appeal. Id. at 75 n.4, 83-84, 688 S.E.2d at 205 n.4, 210.

3

The record plainly shows that appellant's counsel did not renew the motion to strike at the conclusion of all the evidence. Additionally, the record plainly shows that in his closing argument appellant's trial counsel did not reassert the issue of whether the Commonwealth could rely upon the notice sent pursuant to Code § 18.2-118(b) as prima facie evidence of appellant's intent to defraud the lessor when the address on the notice did not exactly match the address on the lease agreement without any addition or alteration. To the contrary, counsel accepted that the Commonwealth could rely on the statute for its prima facie case, but contended that other evidence rebutted the presumption of fraudulent intent. Accordingly, we hold that appellant waived his challenge to whether the Commonwealth could rely upon the notice to establish the appellant's fraudulent intent.

Because the issue on which this appeal was granted was waived by appellant in the circuit court, it was not properly preserved for appeal. We further hold that the ends of justice do not require that the issue be reviewed despite this waiver. Id. at 84, 688 S.E.2d at 210. Thus, although the Court of Appeals addressed this issue in its opinion, this issue also was not properly before the Court of Appeals. Gibson v. Commonwealth, 276 Va. 176, 181, 662 S.E.2d 54, 57 (2008). For these reasons, we vacate the judgment of the Court of Appeals addressing the merits of appellant's challenge to the sufficiency of the Commonwealth's

4

evidence to prove fraudulent intent through the Code § 18.2-118(b) notice, and dismiss the appeal.

This order shall be published in the Virginia Reports and shall be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Charlottesville.

Justices McClanahan and Powell took no part in the consideration of this case.¶

A Copy,

Teste:

Patricia L. Harrington, Clerk

5