COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Friedman and Callins

JEREMY PETERS

                                            MEMORANDUM OPINION[*] BY

v.        Record No. 1856-22-2                JUDGE FRANK K. FRIEDMAN
                                                 FEBRUARY 6, 2024

COMMONWEALTH OF VIRGINIA

UNPUBLISHED

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

(John M. Spencer; Spencer, Meyer & Koch, PLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Angelique Rogers, Assistant
Attorney General, on brief), for appellee.

Following a jury trial, the trial court convicted Jeremy Peters of trespassing in violation of

Code § 18.2-119. On appeal, Peters argues that the evidence is insufficient to support his

conviction. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the dispositive issue or issues have been authoritatively decided,

and the appellant has not argued that the case law should be overturned, extended, modified, or

reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). For the following reasons, we affirm the court

below.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*,

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so,

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

we discard any of Peters's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

Peters became a resident of Micah Respite, a residential recovery program in Fredericksburg. Upon being admitted, he signed a document in which he acknowledged that he would be forbidden to return if he missed curfew or left for a couple of days without contacting the program. In early May 2022, Peters left the program for three days without notifying anyone. On May 8, 2022, Peters returned to Micah Respite and entered the building through an unlocked back door after scaling the locked fence.

Lorraine Valdez, a program employee, saw Peters enter the facility by viewing surveillance cameras. She followed him upstairs and saw him lying in a bed. She reminded Peters that he was no longer a resident because he had violated the rules. She ordered him "to get [his] stuff" and leave. Peters claimed that he had been at the hospital and had documentation, but he did not provide it. Instead, Peters ignored her request and remained in bed. Valdez called the police.

Fredericksburg Police Officers Kraft, Rolleston, and Durham responded to the call. When they arrived, they found Peters asleep in the bed. Peters smelled of alcohol, and the officers repeatedly told him to gather his belongings and leave the facility, but Peters refused. Peters donned headphones and avoided eye contact with the officers. The officers handcuffed Peters, who resisted their attempts to escort him from the property.

Peters acknowledged that he had left the facility for a couple of days, but he testified that his personal property remained there, including his clothes, electronics, and medication. He claimed he tried to contact the facility several times but was unable to reach them. He stated he returned because he desired to retrieve his belongings and did not intend to stay. He asserted that he was packing his clothes when he heard the police arrive, he "got upset," and knew that he would "end up going to jail," so he "laid down."

After the trial court denied the renewal of his motion to strike made at the end of the Commonwealth's case, the jury found Peters guilty of trespassing. Peters appeals.[1]

ANALYSIS

Peters contends that "he had a good faith belief that he had a right to be on the premises" because he still had his belongings in the facility. He asserts that "to be convicted under a plain reading of the statute, he must have had either no authority [to] go to or remain on the property . . . after having been forbidden to do so."

> If any person without authority of law goes upon or remains upon the lands, buildings or premises of another, or any portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian, or the agent of any such person, . . . he shall be guilty of a Class 1 misdemeanor.

Code § 18.2-119.

Here, Peters signed an agreement which specifically informed him that if he missed curfew or left for several days without notice, he would be forbidden from returning to the facility. He acknowledged he knew and understood the rule. Further, after he scaled the locked fence and entered the building through a door another resident left open while smoking a cigarette, Valdez confronted Peters and ordered him to leave. Contrary to Peters's claim that he only lay on the bed after the police arrived, Valdez testified that when she went up to his room to speak with him, Peters was already lying down. After she ordered him to gather his things and leave, Peters ignored her. Even after the police arrived, Peters refused to cooperate and leave the premises. Peters was informed orally and in writing that he was not allowed on the property. The fact that some of his belongings remained at the facility did not grant him the right to enter the property without express

---

[1] The Commonwealth asserts that Peters failed to make or renew a motion to strike after putting on his own evidence, thereby waiving his sufficiency of the evidence claim under *Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 79-82 (2010). We will assume, without deciding, that the objection is preserved.

- 3 -

permission. Rather than surreptitiously sneaking into the building during the night, he could have contacted the facility and asked for his belongings. Instead, Peters violated the express terms of the agreement and ignored multiple requests to leave. The evidence fully supports Peters's conviction for trespassing under Code § 18.2-119.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed*.