COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Chaney and Callins

CRAIG ALLEN GRAVES

MEMORANDUM OPINION*
v.       Record No. 0006-25-4                                    PER CURIAM
DECEMBER 30, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Dale B. Durrer, Judge

(Kevin E. Smith, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Kimberly A. Hackbarth, Senior Assistant Attorney General, on brief), for appellee.

A jury convicted Craig Allen Graves (appellant) of feloniously obtaining money by false pretenses, in violation of Code § 18.2-178. The trial court sentenced appellant to 17 years and 3 months' incarceration, with 15 years suspended. On appeal, he argues that the court erred when it denied his motion to strike because the Commonwealth did not prove his identity as the perpetrator. Finding no error, we affirm.[1]

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

conflicts with the Commonwealth's evidence and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

In 2023, appellant entered a Lowe's store in Culpeper with an empty flatbed shopping cart. Surveillance video showed him going through the store placing home improvement items onto the cart. Appellant walked to the front of the store with the cart, which held a toilet, 4 slider glass windows, a composite deck, 2 motion sensor outdoor lights, and 13 steel deck posts, and he pushed the cart past all points of sale. He then immediately re-entered the store and went straight to the returns area, handed apparent sales receipts to the agent, "returned" the items, received store credit of $1,667.10 on "merchandise return cards," and left.

Culpeper Police Officer Van Grimes spoke with Phillip Richert, the regional asset-protection manager for Lowe's, and reviewed the surveillance video. It showed appellant arrive in a maroon-colored car, take an empty flatbed cart from the parking lot, enter the store, look at the sales receipts he brought, and select certain building-supply items. He passed all points of sale and exited. Appellant then re-entered the store, where he went to the customer service area, and presented the receipts and the items for store credit. Officer Grimes identified appellant from the tattoo on his forearm, his Facebook page, the security footage, and DMV and recent booking photographs.

At trial, the jury watched footage from the surveillance video. Richert identified appellant as the man in the footage and narrated as it depicted appellant's actions in the store. Appellant was in the store from 4:16 p.m. to 4:52 p.m.

Based on the master receipt generated by the store's internal sales system, Genesis, Richert confirmed that Lowe's refunded appellant $1,667.10 on the merchandise return cards. These cards were linked to appellant's driver's license image stored in Genesis. Richert also

pointed out a "few different marks" on the "back side of [appellant's] left arm" on still images isolated from the surveillance video, and he identified appellant in court.

Officer Grimes also testified to appellant's movements through the store captured on the surveillance video. He was familiar with appellant and identified him in court. Officer Grimes recognized appellant's left forearm tattoo as the one seen in the video. He said that he looked up booking records for appellant's tattoos but said that tattoos are not commonly documented during booking "unless they are gang-related tattoos." Officer Grimes said that appellant had a neck tattoo on older booking photos but could not see it on the Lowe's footage and did not use it to identify him during the investigation.

At trial, the court admitted appellant's conviction for a similar theft in Henry County, with a limiting instruction in accordance with Virginia Rule of Evidence 2:404(b). The court excluded two other theft convictions—one because the prejudicial value outweighed the probative value, and the other because of the offense date. Appellant moved to strike the evidence at the close of the Commonwealth's case. The court ruled that the evidence presented a factual question for the jury and overruled the motion to strike.

Appellant testified and denied that he had been at Lowe's and claimed that he was not the person in the Lowe's surveillance video. He introduced self-produced photographs of his current appearance, and he argued that the tattoos on his forearm, hands, and neck were different from the ones on the man in the video. Appellant admitted that he had been convicted for stealing at a Lowe's when he "put an item on a receipt that [he] had already paid for." He acknowledged that he was a convicted felon but "ha[d] no idea" that he had eight felony convictions and that six of his convictions were for crimes of moral turpitude.

At the close of the evidence, the Commonwealth renewed its motion to admit appellant's two other theft convictions—previously excluded by the court—to show both a common scheme

- 3 -

or plan and because they established that appellant was the person convicted in each case. Appellant reiterated his objection to admitting the convictions because they would "simply . . . enhance the prejudice against . . . [him]." The court found that the prejudicial effect of the additional convictions outweighed their probative value and denied the motion. The court then reviewed the jury instructions with counsel. There is no record that appellant moved to strike the evidence at the conclusion of the case.[2]

The jury convicted appellant of obtaining money by false pretenses. At sentencing, appellant testified about his pending probation violations from previous convictions. He offered a lengthy recitation disputing the evidence in the case and opined that the court was "scamming the insurance company," using the police and prosecutors in the scam, and that Lowe's benefitted from the process by filing a false report of the theft. The court confirmed the jury's verdict and sentenced appellant to 17 years and 3 months' incarceration, with 15 years suspended.

ANALYSIS

"In the context of a jury trial, a trial court does 'not err in denying [a] motion to strike the evidence [when] the Commonwealth present[s] a *prima facie* case for consideration by the fact finder.'" *Vay v. Commonwealth*, 67 Va. App. 236, 249 (2017) (alterations in original) (quoting *Hawkins v. Commonwealth*, 64 Va. App. 650, 657 (2015)). Whether the evidence is sufficient to prove each element of a crime "is a factual finding, which will not be set aside on appeal unless it is plainly wrong." *Id.* (quoting *Linnon v. Commonwealth*, 287 Va. 92, 98 (2014)).

Before addressing the merits of appellant's argument, we must consider "whether a challenge to the sufficiency of the evidence has been preserved for appeal." *Murillo-Rodriguez*

---

[2] Appellant challenged the sufficiency of the evidence of identity in his closing argument. This argument, however, did not preserve the issue for appellate review. *See Sabol v. Commonwealth*, 37 Va. App. 9, 20 (2001).

*v. Commonwealth*, 279 Va. 64, 75 (2010). It is settled law in Virginia that a "failure to object to the sufficiency of all the evidence is a waiver of that issue just as if the defendant 'failed to object to any other matter at trial.'" *Id.* at 80 (quoting *White v. Commonwealth*, 3 Va. App. 231, 233 (1986)). "[B]y not reasserting a sufficiency challenge after . . . his own evidence, the defendant has deprived the trial court of the opportunity to consider and rule on the sufficiency of the evidence as a matter of law . . . ." *Id.*; *see Spangler v. Commonwealth*, 188 Va. 436, 438 (1948) (holding that a challenge to the sufficiency of the evidence requires consideration of any evidence the defendant introduces). "In short, by electing to introduce evidence in his defense, the defendant demonstrates 'by his conduct the intent to abandon' the argument that the Commonwealth failed to meet its burden through the evidence presented in its case-in-chief." *Murillo-Rodriguez*, 279 Va. at 83 (quoting *Graham v. Cook*, 278 Va. 233, 248 (2009)).

At a jury trial, a defendant who has introduced evidence in his own behalf can preserve an appellate challenge to the sufficiency of the evidence in two ways—by renewing a motion to strike at the conclusion of all evidence, or by moving to set aside the jury's verdict. *Id.* at 83-84. Closing arguments, which are presented to the jury, do not require the court to rule on the sufficiency of the evidence and therefore cannot preserve the issue for appellate review. *See Sabol v. Commonwealth*, 37 Va. App. 9, 20 (2001) ("[I]n a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law. Only a motion to strike the evidence accomplishes that objective [of preserving a sufficiency issue] in a jury trial." (alteration in original) (quoting *Campbell v. Commonwealth*, 12 Va. App. 476, 481 (1991) (en banc))).

Here, appellant moved to strike at the end of the Commonwealth's evidence, and presented additional evidence after the court denied his motion. But at the close of all evidence, appellant did not move to strike and did not move to set aside the jury's verdict. Although he

argued to the jury at closing that the evidence failed to prove identity, appellant never gave the

court an opportunity to rule on this issue. Under these circumstances, he waived his sufficiency

challenge on appeal. *Murillo-Rodriguez*, 279 Va. at 79-80; *Sabol*, 37 Va. App. at 20.

CONCLUSION

For these reasons, we affirm the court's judgment.

*Affirmed.*